**SLG**

Hon. Martin Glenn
US Bankruptcy Judge
1 Bowling Green
New York, NY, 10007
*Via ECF*

Feb 17, 2021

Dear Judge Glenn:

    Pursuant to Local Rule 7056-1, Sarah Bannister, Brandon Hood, and LaBarron Tate ("Petitioning Creditors") through undersigned counsel, T. Austin Smith ("Smith" or "TAS") request leave to cross-move for summary judgment against the Putative Debtor; or else convert the Debtor's motion into one on summary judgment.  TAS asks three basic three conditions:

    *First,* Kirkland will confirm in writing that its request that Sarah Bannister, Brandon Hood and/or LaBarron Tate pay its hourly rate was a scrivener's error; Smith and Smith alone will bear any and all liability resulting from an adverse finding of this Court absent this Court's *sua sponte* determination of liability on any single debtor.

    *Second,* Navient will stipulate that TAS can use any of the Navient financials he had audited from October to the end of December 2020.[1] *Master-Halco, Inc. v. Dowling & Natarelli, LLC*, 739 F. Supp. 2d 125, 131 (D. Conn. 2010) (discussing cases where courts have allowed settlement discussion in one case to be used in an involuntary bankruptcy to demonstrate liability).

    *Third,* pursuant to Fed. R. Bankr. Pro 11 U.S.C. 1109, Michael Shahbazi wishes to be heard in order to object to the *pro hac vice* admission of McGuireWoods' attorneys.  James A. Austin, a Navient employee, had confessed to perjury prior to swearing that an unsigned note was owed by Shahbazi.  And when plaintiff's counsel demanded live testimony, he suffered a stroke and left the company.

    Sincerely,

    */s Austin Smith*

---

[1] Kirkland has an entire department devoted to this form of advocacy ("Our Advertising, Marketing & Promotions attorneys review online advertising campaigns and routinely advise clients on their use of the social media influencers that have become ubiquitous in modern advertising.

SMITH LAW GROUP LLP.
99 WALL STREET | NO. 426
NEW YORK | NY | 10005