**Hearing Date: April 22, 2021, at 10:00 a.m., prevailing Eastern Time**
**Objection Deadline: April 15, 2021, at 4:00 p.m., prevailing Eastern Time**

Stephen E. Hessler, P.C.
Chad J. Husnick, P.C.
Jennifer Levy (admitted *pro hac vice*)
AnnElyse Scarlett Gains
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Co-Counsel for Navient Solutions, LLC*

Thomas M. Farrell (admitted *pro hac vice*)
K. Elizabeth Sieg (admitted *pro hac vice*)
Joseph Florczak (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, Virginia 23219
Telephone:    (804) 775-1000

*Co-Counsel for Navient Solutions, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | Case No. 21-10249 (MG) |
| | ) | |
| Putative Debtor. | ) | |
| | ) | |

## NOTICE OF HEARING OF NAVIENT'S MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 11 U.S.C § 303(i)

**PLEASE TAKE NOTICE** that on March 29, 2021, Navient Solutions, LLC ("Navient"), the putative debtor in the above-captioned and already dismissed involuntary chapter 11 case (the "Involuntary Case"), filed the *Motion for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i)* (the "Motion," a copy of which is attached hereto) for approval before the Honorable Martin Glenn of the United States Bankruptcy Court for the Southern District of New York (the "Court"), on **April 22, 2021, at 10:00 a.m., prevailing Eastern Time** (the "Hearing"). In accordance with General Order M-543, dated March 20, 2020, the Hearing will be conducted telephonically. Any parties wishing to participate must do so telephonically by making arrangements through CourtSolutions by telephone (917-746-7476).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each an "Objection") to the relief requested in the Motion shall:  (a) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; and (b) be served so as to be actually received by **April 15, 2021, at 4:00 p.m., prevailing Eastern Time**.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, Navient shall, on or after the objection deadline, submit to the Court an order substantially in the form annexed as to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may be continued or adjourned thereafter from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing.

**PLEASE TAKE FURTHER NOTICE** that a copy of the Motion may be obtained by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  March 29, 2021

/s/ *Stephen E. Hessler*
_____

Stephen E. Hessler, as President of Stephen E.
Hessler P.C., partner of Kirkland & Ellis LLP
Chad J. Husnick, P.C.
Jennifer Levy (admitted *pro hac vice*)
AnnElyse Scarlett Gains
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL LLP
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          stephen.hessler@kirkland.com
Email:          chad.husnick@kirkland.com
Email:          jennifer.levy@kirkland.com
Email:          annelyse.gains@kirkland.com

Co-Counsel for Navient Solutions, LLC

Thomas M. Farrell (admitted *pro hac vice*)
K. Elizabeth Sieg (admitted *pro hac vice*)
Joseph Florczak (admitted *pro hac vice*)
MCGUIREWOODS LLP
800 East Canal Street
Richmond, Virginia 23219
Telephone:      (804) 775-1000
Email: tfarrell@mcguirewoods.com
Email: bsieg@mcguirewoods.com
Email: jflorczak@mcguirewoods.com

Co-Counsel for Navient Solutions, LLC

**Hearing Date: April 22, 2021, at 10:00 a.m., prevailing Eastern Time**
**Objection Deadline: April 15, 2021, at 4:00 p.m., prevailing Eastern Time**

Stephen E. Hessler, P.C.                         Thomas M. Farrell (admitted *pro hac vice*)
Chad J. Husnick, P.C.                            K. Elizabeth Sieg (admitted *pro hac vice*)
Jennifer Levy (admitted *pro hac vice*)          Joseph Florczak (admitted *pro hac vice*)
AnnElyse Scarlett Gains                          **MCGUIREWOODS LLP**
**KIRKLAND & ELLIS LLP**                         800 East Canal Street
**KIRKLAND & ELLIS INTERNATIONAL LLP**  Richmond, Virginia 23219
601 Lexington Avenue                             Telephone:    (804) 775-1000
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900                     *Co-Counsel for Navient Solutions, LLC*

*Co-Counsel for Navient Solutions, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | Case No. 21-10249 (MG) |
| | ) | |
| Putative Debtor. | ) | |
| | ) | |

**MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 11 U.S.C § 303(i)**

## TABLE OF CONTENTS

Preliminary Statement ............................................................................................................... 1

Relief Requested .......................................................................................................................... 3

Jurisdiction .................................................................................................................................... 3

Background .................................................................................................................................... 3

I.    The Involuntary Case. ................................................................................................... 3

II.   The Motion to Dismiss. ................................................................................................. 5

Basis for Relief ............................................................................................................................ 6

I.    Navient is Entitled to an Award of its Attorneys' Fees and Costs Incurred in
      Connection with this Involuntary Case. .................................................................... 6

II.   Navient Requests that Counsel, PICAP, and PICAP Counsel Are Held Liable for
      the Total Award. ........................................................................................................... 12

Conclusion .................................................................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Anmuth Holdings LLC,*
  600 B.R. 168 (Bankr. E.D.N.Y. 2019)..........................................................................6, 12, 13

*In re Bayshore Wire Prods. Corp.,*
  209 F.3d 100 (2d Cir. 2000).................................................................................................7

*In re CNG Foods LLC,*
  2020 WL 4219679 (Bankr. E.D.N.Y. July 13, 2020) ...........................................................13

*Crest One Spa v. TPG Troy, LLC (In re TPG Troy, LLC),*
  793 F.3d 228 (2d Cir. 2015)..................................................................................................6

*Didonato v. GC Services Ltd. Partnership Financial Asset Management Systems,
  Inc.,*
  No. 20-02154 (LGS) (S.D.N.Y. Mar. 2, 2021)......................................................................13

*In re Dynegy, Inc.,*
  770 F.3d 1064 (2d Cir. 2014)..............................................................................................12

*In re ELRS Loss Mitigation, LLC,*
  325 B.R. 604 (Bankr. N.D. Ok. 2005) ...........................................................................12, 15

*In re Exch. Network Corp.,*
  92 B.R. 479 (D. Colo. 1988)...............................................................................................12

*In re Forever Green Athletic Fields, Inc.,*
  2017 WL 1753104 (Bankr. E.D. Pa. May 3, 2017) ..............................................................13

*In re Glannon,*
  245 B.R. 882 (D. Kan. 2000)...............................................................................................12

*In re Kidwell,*
  158 B.R. 203 (Bankr. E.D. Cal. 1993)............................................................................12, 15

*Mader v. Experian Information Solutions, LLC,*
  No. 19-3787-LGS-DCF (S.D.N.Y. Mar. 2, 2021) ................................................................13

*In re Mountain Dairies Inc.,*
  372 B.R. 623 (Bankr. S.D.N.Y. 2007)...................................................................................7

*In re Rosenberg,*
  471 B.R. 307 (Bankr. S.D. Fla. 2012) .................................................................................12

*In re Rosenberg*,
779 F.3d 1254 (11th Cir. 2015) ........................................................12

*In re Taub*,
438 B.R. 761 (Bankr. E.D.N.Y. 2010).................................................7

*In re TPG Troy*,
2013 WL 3789344 (Bankr. S.D.N.Y. July 18, 2013) ........................7, 8

**Statutes**

11 U.S.C. § 105 ................................................................................1, 3

11 U.S.C. § 303 ...................................................................................7

11 U.S.C § 303(i) ........................................................................ *passim*

11 U.S.C. § 303(i)(1) ...........................................................6, 7, 11, 13

11 U.S.C. § 303(i)(2) ...........................................................................2

11 U.S.C. § 303(c) ..........................................................................5, 12

11 U.S.C. § 305 ...................................................................................7

28 U.S.C. § 157 ...................................................................................3

28 U.S.C. § 157(a) .............................................................................18

28 U.S.C. § 157(b) .............................................................................18

28 U.S.C. § 1334 .................................................................................3

28 U.S.C. § 1334(b) ...........................................................................18

**Rules**

Fed. R. Bankr. P. 1003(a) ...................................................................10

Fed. R. Bankr. P. 1003(b) .....................................................................5

Fed. R. Bankr. P. 2014 ........................................................................10

Navient Solutions, LLC ("Navient"), the putative debtor in the above-captioned and already dismissed involuntary chapter 11 case (the "Involuntary Case"), by and through its counsel, before the United States Bankruptcy Court for the Southern District of New York (the "Court"), files this motion (this "Motion") pursuant to sections 105 and 303(i) of title 11 of the United States Code (the "Bankruptcy Code"). Pursuant to this Motion, Navient seeks to recover fees and costs as set forth below against Austin C. Smith and Smith Law Group LLP (collectively, "Counsel"), Public Interest Capital, LLC ("PICAP"), and Michael B. Wolk and Law Offices of Michael B. Wolk, P.C. (collectively, "PICAP Counsel") to the fullest extent of the law. In furtherance thereof, Navient respectfully states as follows:

### Preliminary Statement[1]

1.      Navient seeks nothing more than to be made whole for $608,385.44 of fees and costs it has incurred in defending against the Involuntary Petition (including filing this Motion) filed against it on February 8, 2021, and any additional fees and costs it will incur in continuing to defend against related appeals. Commencing an involuntary bankruptcy proceeding is such an extreme remedy that Congress outlined the potential liability in the statute itself. A consequence of an improper filing is clearly stated and plainly intended to discourage creditors (and especially non-creditors) from even ***attempting*** to use the bankruptcy process for a non-bankruptcy purpose. As the Court has already ruled, that is exactly what happened here.

2.      The incurrence of potentially significant attorneys' fees should not come as a surprise to Counsel, PICAP, or PICAP Counsel. Navient is but one subsidiary of Navient Corporation (together with Navient and Navient Corporation's other subsidiaries and affiliates,

---

[1]   Capitalized terms used but not defined herein have the meanings given to them in the *Expedited Motion to Dismiss Involuntary Petition and Request for Damages* [Docket No. 14] ("Motion to Dismiss").

the "Company") a large public company that, as stated in the Motion to Dismiss, ended 2020 with approximately $1.2 billion in cash and cash equivalents on the Company's balance sheet. Attempting to push a subsidiary of such a large public company into an involuntary chapter 11 proceeding came with an inherent risk that such actions would result in the incurrence of attorneys' fees and reputational damages. As a result, immediately upon notice of the Involuntary Case, Navient worked diligently to resolve the issues raised in the Involuntary Petition to mitigate its damages, including by hiring company side bankruptcy counsel to work on the potential chapter 11 case in conjunction with utilizing its existing bankruptcy counsel (to avoid duplication of costs and efforts) to ensure that Navient had a combined wealth of knowledge regarding company side representations and the detailed history of the Discharge Litigation. Navient moved as quickly and efficiently as possible to avoid harm to its reputation, avoid termination or disruption to any service or provider contracts, and to avoid expensive and protracted legal fees. These efforts allowed Navient to secure dismissal of the Involuntary Case in approximately two weeks.

3.      With the above in mind, Navient believes that under the statute and applicable law it is also entitled to compensatory and/or punitive damages for the bad faith filing of the Involuntary Case under section 303(i)(2) of the Bankruptcy Code. Nevertheless, upon reflection, after taking into account the efforts undertaken to secure the dismissal, the hearing on the Motion to Dismiss, and this Court's subsequent *Memorandum Opinion Granting Alleged Debtor's Motion to Dismiss Involuntary Petition* [Docket No. 45] (the "Opinion"), Navient seeks only to recover its reasonable attorneys' fees and costs against Counsel, PICAP, and PICAP Counsel. *See Hessler Declaration in Support of Motion for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i)* (the "Hessler Declaration") (filed contemporaneously herewith), Exhibit A and Exhibit B. Hopefully, this judgment of fees and costs, coupled with the findings in the Opinion, will serve as

2

a sufficient deterrent to future improper filings by Counsel, PICAP, PICAP Counsel, or other similarly situated parties in interest.

## Relief Requested

4.     Navient respectfully requests that this Court enter an order substantially in the form attached hereto as **Exhibit A**, (a) awarding Navient its reasonable attorneys' fees and costs pursuant to section 303(i) of the Bankruptcy Code in the amount of $608,385.44 incurred in connection with this Involuntary Case (including filing this Motion) as evidenced by the fee statements attached to the Hessler Declaration filed contemporaneously herewith, and (b) granting related relief.

## Jurisdiction

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The bases for the relief requested herein are sections 105 and 303(i) of the Bankruptcy Code.

## Background

I.    **The Involuntary Case.**

6.     On February 8, 2021, Petitioners commenced the Involuntary Case by filing an involuntary petition against Navient [Docket No. 1] with an attached supplement [Docket No. 1-1]. On February 10, 2021, Petitioners filed an amended involuntary petition [Docket No. 2] (the "Involuntary Petition") and amended petition supplement [Docket No. 2-1] (the "Involuntary Supplement").  Thereafter, a summons was issued on February 10, 2021 [Docket No. 5].  Navient received a copy of the summons on February 23, 2021, but a certificate of service related to the summons was never filed by Counsel, and it is therefore unclear whether such summons was timely served.

3

7.      On February 17, 2021, Navient filed the Motion to Dismiss, *Declaration of Stephen E. Hessler, P.C. in Support of the Expedited Motion to Dismiss Involuntary Petition and Request for Damages* [Docket No. 16], and *Navient Solutions, LLC's Motion to Shorten the Notice Period with Respect to Navient Solutions, LLC's Expedited Motion to Dismiss Involuntary Petition and Request for Damages* [Docket No. 15].[2]   The Court granted the motion to shorten notice and scheduled a hearing on the Motion to Dismiss for February 25, 2021.   *See Order Shortening the Notice Period with Respect to Navient Solutions, LLC's Expedited Motion to Dismiss Involuntary Petition and Request for Damages* [Docket No. 19].   The Court established February 22, 2021, at 12:00 p.m. prevailing Eastern Time as the objection deadline (the "Objection Deadline").   *Id.*

8.      In an informal response to the Motion to Dismiss, Counsel filed a letter requesting "leave to cross-move for summary judgment against the Putative Debtor; or else convert the Debtor's motion into one on summary judgment."   Letter from Austin Smith to Judge Glenn, Feb. 17, 2021 [Docket No. 17].   On February 22, 2021, Counsel filed an amended letter slightly revising his request as a request "to move for summary judgment against Navient Solutions, LLC . . . or else convert the Putative Debtor's motion to dismiss into one on summary judgment."   Letter from Austin Smith to Judge Glenn, Feb. 19, 2021 [Docket No. 22] (together with the Letter dated February 17, 2021, the "Letters").   The Court denied the relief requested in the Letters.   *See Order Denying Letter Requests* [Docket No. 24].

9.      Counsel, on behalf of Petitioners, subsequently requested multiple extensions of the Objection Deadline.   *See* Letters from Austin Smith to Judge Glenn [Docket Nos. 30, 32, 34].   The Court granted the first two extensions, but denied the third.   *See Memorandum Endorsed So*

---

[2]   On February 21, 2021, Navient filed a second *Declaration of Stephen E. Hessler, P.C. in Support of the Expedited Motion to Dismiss Involuntary Petition and Request for Damages* [Docket No. 29].

4

*Ordered Letters* [Docket Nos. 31, 33, 36].  Ultimately, Counsel did not file a formal or informal

objection to the Motion to Dismiss.  Nor did Counsel raise any objections to the Motion to Dismiss

at the Hearing (as defined below).

10.    On February 23, 2021, PICAP filed a *Joinder in Involuntary Case Pursuant to 11*

*U.S.C. § 303(c) and Rule 1003(b) of the Federal Bankruptcy Rules* [Docket No. 35]

(the "Joinder").  In the Joinder, PICAP alleged it held a claim of approximately $337,000 on behalf

of "PICAP's predecessor-in-interest" and asserted a claim on behalf of a "creditor-class" arising

from the McDaniel litigation.  *Id.* ¶¶ 1–2.  PICAP Counsel filed a letter request to adjourn the

February 25 hearing for at least one week.  *See* Letter from Michael B. Wolk to Judge Glenn,

Feb. 23, 2021 [Docket No. 37].  Navient filed a response letter stating that it did not consent to

adjournment.  *See* Letter from Chad J. Husnick, P.C. to Judge Glenn, Feb. 24, 2021

[Docket No. 39].  The Court denied the request for an adjournment at the Hearing (as defined

herein) noting that even if Navient consented to an adjournment the Court would not have

adjourned the Hearing.  *See* February 25, 2021, Hr'g Tr. 11:16–19; Hessler Declaration, Exhibit C.

PICAP did not file an objection to the Motion to Dismiss, but contested the Motion to Dismiss in

oral argument at the Hearing.

## II.    The Motion to Dismiss.

11.    On February 25, 2021, the Court held a hearing on the Motion to Dismiss

(the "Hearing").  Counsel did not attend the Hearing; however, PICAP Counsel attended on behalf

of PICAP.  At the conclusion of oral argument, the Court orally granted the Motion to Dismiss and

subsequently entered the *Order Granting (A) Expedited Motion to Dismiss Involuntary Petition*

*and (B) Related Relief* [Docket No. 42] (the "Order").

12.    Shortly thereafter, the Court issued the Opinion.  In the Opinion, the Court

elaborated on its findings of fact and conclusions of law supporting the Order.  Specifically, the

Court found that Petitioners' claims and PICAP's claims were subject to bona fide dispute, the Involuntary Petition was filed in bad faith, Petitioners failed to prove that Navient was not paying its debts as they became due, and the Court should abstain from the Involuntary Case. *See* Opinion, at 14–15, 21, 25.

13.     On March 11, 2021, Counsel filed a letter requesting an extension of time to request reconsideration of the Order. *See* Letter from Austin Smith to Judge Glenn, Mar. 11, 2021 [Docket No. 46]. Later that day, Counsel filed the *Motion to Reconsider Dismissal of Case* [Docket No. 49]. The Court denied both the extension request and the motion for reconsideration. *See Order Denying Request for Extension* [Docket No. 50] and *Order Denying Motion for Reconsideration* [Docket No. 51].

14.     On March 26, 2021, Counsel filed a *Notice of Appeal* [Docket No. 53] (the "Appeal") appealing the following to the District Court for the Southern District of New York: the Order; the Opinion; the *Order Denying Motion for Reconsideration*; and the *Order Denying Letter Requests*.

## Basis for Relief

**I.      Navient is Entitled to an Award of its Attorneys' Fees and Costs Incurred in Connection with this Involuntary Case.**

15.     In the Second Circuit, "[w]hen an involuntary petition is dismissed, 'there is a presumption that costs and attorney's fees will be awarded to the alleged debtor.'" *Crest One Spa v. TPG Troy, LLC (In re TPG Troy, LLC)*, 793 F.3d 228, 235 (2d Cir. 2015) ("TPG Troy Appeal") (quoting *In re Mountain Dairies Inc.*, 372 B.R. 623, 637 (Bankr. S.D.N.Y. 2007)). Evidence of bad faith is not a prerequisite to recover attorneys' fees and costs under section 303(i)(1) of the Bankruptcy Code. *In re Bayshore Wire Prods. Corp.*, 209 F.3d 100, 105 (2d Cir. 2000).

6

16.     The fees and costs incurred in litigating a section 303(i) request are also recoverable. *See In re TPG Troy*, 2013 WL 3789344, at *4 (Bankr. S.D.N.Y. July 18, 2013); *see also In re Anmuth Holdings LLC*, 600 B.R. 168, 187 (Bankr. E.D.N.Y. 2019) ("It is well settled that fees associated incurred in litigating an entitlement to fees under § 303(i)(1) are 'plainly recoverable.'"). The petitioners bear the burden to prove that an alleged debtor's request should be denied. *In re TPG Troy*, 2013 WL 3789344, at *4.

17.     Courts typically apply a "totality of the circumstances" test to evaluate the "reasonableness" of an alleged debtor's request for fees and costs:

> Most of the courts . . . have adopted a "totality of the circumstances" test, in which certain factors are to be considered. These include (1) the merits of the involuntary petition; (2) the role of any improper conduct on the part of the alleged debtor; (3) the reasonableness of the actions taken by the petitioning creditors; and (4) the motivation and objectives behind the filing of the petition.

*Id*. (quoting *In re Taub*, 438 B.R. 761, 775 (Bankr. E.D.N.Y. 2010)).

18.     Based on a totality of the circumstances, Navient requests an award of all of its costs and reasonable attorneys' fees. ***First***, the Involuntary Petition and Joinder lacked merit under all of the applicable prongs of sections 303 and 305 of the Bankruptcy Code. In its Opinion, the Court found that Petitioners failed to meet their prima facie burden that their claims were not subject to bona fide dispute and that "the involuntary petition should be dismissed on that basis alone." Opinion, at 11. The Court concluded that "the petition and the joinder are profoundly lacking . . . due to the lack of any documentation supporting any of the claims, as well as the failure of counsel to the petitioning creditors to file any response to the motion to dismiss, or even to attend the hearing on the motion." *Id*., at 3. Nevertheless, the Court evaluated each claim and found that Petitioners and PICAP failed to satisfy the requirements of section 303(b) because of "the multitude of issues that remain unresolved between the Petitioning Creditors, PICAP, and

7

Navient (whether in the various ongoing litigations or otherwise)" and the "Bannister Stipulation." *Id.*, at 14–15.  The Court also found that the Involuntary Petition was filed in bad faith and in its Opinion specifically pointed to Counsel's actions as evidence of bad faith:  "But Smith has made his position clear:  he harbors significant ill will with respect to Navient, which he refers to as an embezzler, as running a Ponzi scheme, and as a looter."  *Id.*, at 17.   In sum, there was no argument in response to the Motion to Dismiss or articulated at the Hearing that could revive or resurrect the baseless and foundationless Involuntary Petition, Involuntary Supplement, and Joinder that Navient had to expend funds to defend against.

19.     ***Second***, Navient's response to the Involuntary Petition and Joinder and its other behavior in the Involuntary Case was not, and is not, improper.  Navient had no choice but to "defend or respond" to the Involuntary Petition and subsequent filings in this Involuntary Case. *See In re TPG Troy*, 2013 WL 3789344, at *4 ("[M]uch of the work that is the subject of the request for attorneys' fees arises out of conduct initiated by Petitioning Creditors.  The [Debtors'] counsel had no choice but to defend or respond to the various actions taken by Petitioning Creditors throughout this dispute.").  Now, Navient is simply seeking to recover its attorneys' fees and costs paid to Kirkland & Ellis LLP ("Kirkland") and McGuireWoods LLP ("McGuireWoods") it incurred as a result of Counsel's decision and advice to his clients to initiate the Involuntary Case and PICAP's and PICAP Counsel's decision to join in the Involuntary Case.  The work performed by both firms was not duplicative as Kirkland handled the majority of the pleadings associated with the Involuntary Case and McGuireWoods provided insight, background information, and critical legal guidance on the Discharge Litigation where they serve as lead counsel.  *See* Hessler Declaration, Exhibit A and Exhibit B.  Although there have been multiple unexpected letters and pleadings filed in this case, Navient has responded only when necessary to properly address and

defend key issues.  Moreover, Navient limited, and continues to limit, the size of its legal team involved in the Involuntary Case to a few select attorneys with associates handling the majority of drafting and research hours to reduce fees and costs.

20.    The "costs" of this Involuntary Case expand far beyond attorneys' fees and expenses.  Despite Navient's best efforts to rapidly dismiss the Involuntary Case and mitigate damages, the involuntary chapter 11 filing affected Navient's daily operations while the Involuntary Case was pending.  Navient was forced to allocate resources away from its ordinary course responsibilities to address a persistent news cycle covering the Involuntary Petition, including many articles attacking Navient's reputation.  Nevertheless, Navient is not pursuing a claim for proximate damages and is only seeking to recover its reasonable attorneys' fees and costs.

21.    ***Third***, Counsel did not act reasonably in filing the Involuntary Petition and PICAP and PICAP Counsel did not act reasonably in filing the Joinder.  Counsel failed to provide any evidence as to why Petitioners' claims are neither contingent nor the subject of a bona fide dispute or that Navient is not generally paying its debts as they become due.  *See* Opinion, at 3 (finding that "there is a lack of any documentation supporting any of the claims" and that "there has been no showing that the Alleged Debtor is generally not paying its debts as they come due").  In its Opinion, the Court determined that Counsel "sought to use this involuntary case as an apparent attempt to circumvent the protracted *Crocker* litigation." *Id*. at 19; *see also id*. at 3 ("[T]his involuntary case is a transparent effort by the petitioning creditors' counsel to bypass litigating the numerous cases against Navient that raise allegations of violations by Navient of discharge injunctions.").

22.     Similarly, PICAP Counsel failed to provide any documentation in support of PICAP's claim and the Court noted that he had not been retained as a class representative in any pending litigation.  *Id*. at 9.  As an initial matter, PICAP purchased its claim from the debtors, the McDaniels, in the currently pending McDaniel litigation.  *See* February 25, 2021, Hr'g Tr. 46:12– 47:8.  PICAP Counsel admitted to contacting Counsel to purchase PICAP's claim from the McDaniels; however, it is unclear from the record whether such claim was purchased for the improper purpose of joining the Involuntary Case.  *Id*. 47:14–48:4; *see* Fed. R. Bankr. P. 1003(a).  Regardless, PICAP Counsel filed the Joinder without properly conducting due diligence into the merits of the Involuntary Petition.  At the Hearing, PICAP Counsel noted that he spoke with Counsel prior to Counsel filing the Involuntary Petition and "told Mr. Smith that I didn't think it was a good idea."  *Id*. 49:1–2.  Yet, after the Involuntary Petition was filed, PICAP Counsel stated that he conducted an "exhaustive review" on the issues underlying Petitioners' claims and determined that filing the Joinder was appropriate.  *Id*. 50:9–51:11.  When pressed further by the Court on the basis for the Joinder, however, PICAP Counsel reiterated his request for an adjournment because he was "just getting involved in the case."  *Id*. 56:4–17.

23.     ***Finally***, the purpose behind Counsel's decision to file the Involuntary Petition on behalf of Petitioners was grounded in ulterior motives:  Navient maintains that Counsel filed the Involuntary Petition to harm Navient's reputation.  The Court found that Counsel's "website, taken as a whole, along with [Counsel's] broader social media presence raises legitimate concerns that the filing of the petition was motivated by ill will, malice, or a desire to embarrass or harass the alleged debtor."  Opinion, at 20–21.

24.     The purpose behind PICAP Counsel's decision to file the Joinder on behalf of PICAP is also grounded in ulterior motives.  While not completely clear from the record, it appears

10

as though PICAP Counsel filed the Joinder as a way to establish itself as class counsel in the Involuntary Case despite not being retained by the "class" he was seeking to represent. *See* February 25, 2021, Hr'g Tr. 53:7–25. In the Second Circuit, class representative status cannot be invoked absent a successful motion under Rule 2014 of the Federal Rules of Bankruptcy Procedure. *In re Dynegy, Inc*., 770 F.3d 1064, 1069 (2d Cir. 2014). No such motion was filed in this case or in the McDaniel case and PICAP Counsel was unable to provide any legal support that he could assert a class claim on behalf of unknowing and unwilling claimants. *Id*. 54:1–55:16.

25.    Lastly, Navient anticipates that it will incur additional attorneys' fees and costs in connection with opposing and/or defending the Appeal. Courts in the Second Circuit have not yet addressed whether a putative debtor may recover attorneys' fees and costs under section 303(i) incurred in connection with litigating an appeal. The Eleventh Circuit, however, has held that a recovery under section 303(i)(1) is not limited to fees expended at the trial level:

> Section 303(i)(1) does not limit the attorney's fee to only the fees incurred in the bankruptcy court. Rather, while the bankruptcy court is the court deciding what is a reasonable attorney's fee, nothing in § 303(i)(1) indicates that a court may award only those fees incurred at the trial level. And nothing in § 303(i)(1) precludes appellate fees or limits fees to only those incurred before the date of the dismissal.

*In re Rosenberg*, 779 F.3d 1254, 1265 (11th Cir. 2015). Moreover, the Eleventh Circuit rejected the argument that only an appellate court could award fees related to sustaining dismissal of an involuntary case on appeal. *Id*. ("Further, we reject Appellants' argument that, even if § 303(i)(1) authorizes appellate fees in sustaining a dismissal on appeal, only appellate courts, and not bankruptcy courts at the trial level, may award them.").

26.    The Eleventh Circuit clarified, however, that a request for an award of attorneys' fees and costs related to an appeal cannot be properly made or evaluated until the appeal process is complete. *Id*. at 1267–68 (finding that it was premature to award fees and costs associated with

11

an appeal before the conclusion of the appeal). The Eleventh Circuit's reasoning in *Rosenberg* is persuasive and Navient requests the right to seek recovery of its reasonable attorneys' fees and costs incurred in connection with the Appeal at the appropriate time.

27.    Therefore, as of March 24, 2021, Navient has incurred $608,385.44 in attorneys' fees and costs. *See* Hessler Declaration, <u>Exhibit A</u> and <u>Exhibit B</u>. Navient anticipates that it will incur additional fees and costs in defending this Motion and the Appeal. Accordingly, for the reasons stated herein, Navient requests an award of attorneys' fees and costs in an amount of no less than $608,385.44 and preserves its rights to amend or supplement this Motion with respect to attorneys' fees and costs incurred in connection with defending against this Motion and the Appeal.

## II.    Navient Requests that Counsel, PICAP, and PICAP Counsel Are Held Jointly and Severally Liable for the Total Award.

28.    Courts have held that the term "petitioner" as used in section 303(i) expands beyond the "petitioning creditors" that signed an involuntary petition. *In re Anmuth Holdings*, 600 B.R. at 205 (finding that petitioner includes those that cause the petitioning creditors to file the petition); *In re Rosenberg*, 471 B.R. 307, 312 (Bankr. S.D. Fla. 2012) (concluding "that the term 'petitioner,' as used in [§] 303(i), may be construed to include those agents and/or principals who sign the involuntary petition on behalf of the creditors or who cause the petitioning creditors to file the petition") (internal citations omitted). Courts in the Second Circuit have yet to directly address whether the term petitioner includes counsel; however, some courts in the Tenth Circuit have found that section 303(i) damages may be sought against counsel. *Compare In re Exch. Network Corp.*, 92 B.R. 479, 481 (D. Colo. 1988) (finding counsel liable for damages under section 303(i)) *with In re Glannon*, 245 B.R. 882, 892–93 (D. Kan. 2000) (declining to interpret petitioner in section 303(i) to include counsel to petitioners). Finally, "[a]ll petitioners, even those who have joined under section 303(c), are vulnerable to this remedy that arises upon dismissal of the case." *In re*

*Kidwell*, 158 B.R. 203, 216 (Bankr. E.D. Cal. 1993) (internal citations omitted); *see also in re ELRS Loss Mitigation, LLC*, 325 B.R. 604, 637 (Bankr. N.D. Ok. 2005) (holding same).

29.    It is within a court's discretion to determine the allocation of liabilities under section 303(i)(1).  *In re Anmuth Holdings*, 600 B.R. at 205; *see also In re CNG Foods LLC*, 2020 WL 4219679, at *25 (Bankr. E.D.N.Y. July 13, 2020); *In re Forever Green Athletic Fields, Inc.*, 2017 WL 1753104, at *9 (Bankr. E.D. Pa. May 3, 2017).  A court should allocate liability based on a totality of the circumstances.  *In re Anmuth Holdings*, 600 B.R. at 205.

30.    Here, Navient requests that the Court find only Counsel, PICAP, and PICAP Counsel jointly and severally liable for the entire award of attorneys' fees and costs.  Counsel is akin to a "petitioner" because he advised Petitioners to file the Involuntary Petition as part of Counsel's larger advocacy ploy and litigation strategy against Navient.  *See, e.g.*, Involuntary Supplement, at 8 ("The Petitioning Creditors had to act now so that they were not left without a chair when the music stops, like they were in TERI's bankruptcy—a adjudication that stamped a court's seal of approval on an assigned note with a criminal rate of usury under New York law."); *id.*, at 10 (noting that Counsel filed the Involuntary Petition out of "desperation born of years of battling an adversary who refuses to honor outcomes; refuses to obey the law, and refuses to acknowledge the psychological toll its actions are having on people").  In fact, while the Petitioners are potential class members and parties to select lawsuits against Navient, it is actually Counsel, not Petitioners, that is the overwhelming common thread.  Up until recently, Counsel was an attorney of record for almost every discharge litigation Navient faced, including the Crocker Discharge Litigation and the McDaniel litigation (neither of which involve the Petitioners today).[3]

---

[3]    Counsel recently withdrew from nearly, if not all, bankruptcy class actions where he has appeared as counsel. *See, e.g.*, *Didonato v. GC Services Ltd. Partnership Financial Asset Management Systems, Inc.*, No. 20-02154 (LGS) (S.D.N.Y. Mar. 2, 2021) [Docket No. 184]; *In re Homaidan*, Adv. Pro. No. 17-01085 (ESS) (Bankr.

In addition, Counsel himself signed the Involuntary Petition under penalty of perjury. *See* Involuntary Petition, Part 4.

31.    Finally, Counsel has already conceded and agreed to bear the liability for any award of costs and fees. *See* Letters [Docket Nos. 17, 22]. In both Letters filed prior to the Hearing, Counsel stated that "Smith and Smith alone will bear any and all liability resulting from an adverse finding of this Court absent a *sua sponte* determination of liability on any single Creditor." *Id*. Thus, Counsel satisfies the meaning of "petitioner" for purposes of section 303(i) liability.

32.    PICAP Counsel is also akin to a "petitioner" as he was the signatory to the Joinder. *See* Joinder, at 4. Moreover, PICAP Counsel advised PICAP to file the Joinder. *See* February 25, 2021, Hr'g Tr. 53:7–25.

33.    The totality of the circumstances supports allocating the entire section 303(i) award against Counsel, PICAP, and PICAP Counsel. In its finding of bad faith, the Court's reasoning also serves as an effective summary as to why Counsel, and not Petitioners, should be liable for Navient's attorneys' fees and costs:

> [The] glaring deficiency of the petition evidences a lack of good faith by the Petitioning Creditors. The deficiency appears only more egregious when the FAQ demonstrates Smith's apparent understanding of the necessary elements of a petition under section 303. And while Navient asserted in its Motion its arguments of Smith's bad faith, Smith filed no response and did not appear at the Hearing.

Opinion, at 21. A similar deficiency is present with PICAP and PICAP Counsel based on PICAP's failure to satisfy its burden under section 303(b). *See, e.g.*, Opinion, at 9 ("Counsel to PICAP

---

E.D.N.Y. Mar. 1, 2021) [Docket No. 288]; *Mader v. Experian Information Solutions, LLC*, No. 19-3787-LGS-DCF (S.D.N.Y. Mar. 2, 2021) [Docket No. 110]; *In re Mazloom*, Adv. Pro. No. 18-60206-06 (DD) (Bankr. N.D. Tex. Mar. 1, 2021) [Docket No. 33]; *In re Crocker*, Adv. Pro. No. 16-03175 (DRJ) (Bankr. S.D. Tex. Feb. 9, 2021) [Docket No. 304].

confirmed at the Hearing that PICAP has not been certified as class representative in any pending litigation. PICAP has not provided the Court with any authority that supports PICAP's ability to assert a claim 'as a proposed creditor-class claim representative' on behalf of an unnamed, uncertified class.") (internal citations omitted). Finally, as the "joining" petitioner, PICAP is liable for attorneys' fees and costs under section 303(i). *See In re Kidwell*, 158 B.R. at 216; *see also in re ELRS Loss Mitigation, LLC*, 325 B.R. at 637.

34.    For these reasons, Navient requests that Counsel, PICAP, and PICAP Counsel are held jointly and severally liable for all of Navient's attorneys' fees and costs.

## **Conclusion**

35.    For the foregoing reasons, Navient respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A** awarding Navient its attorneys' fees and costs incurred in connection with this Involuntary Case, including this Motion, and granting such other and further relief as the Court deems just and appropriate.

*[Remainder of Page Intentionally Left Blank]*

15

Dated:  March 29, 2021

/s/ Stephen E. Hessler
_____

| | |
|---|---|
| Stephen E. Hessler, as President of Stephen E. Hessler P.C., partner of Kirkland & Ellis LLP | Thomas M. Farrell (admitted *pro hac vice*) |
| Chad J. Husnick, P.C. | K. Elizabeth Sieg (admitted *pro hac vice*) |
| Jennifer Levy (admitted *pro hac vice*) | Joseph Florczak (admitted *pro hac vice*) |
| AnnElyse Scarlett Gains | **MCGUIREWOODS LLP** |
| **KIRKLAND & ELLIS LLP** | 800 East Canal Street |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | Richmond, Virginia 23219 |
| 601 Lexington Avenue | Telephone:    (804) 775-1000 |
| New York, New York 10022 | Email: tfarrell@mcguirewoods.com |
| Telephone:    (212) 446-4800 | Email: bsieg@mcguirewoods.com |
| Facsimile:    (212) 446-4900 | Email: jflorczak@mcguirewoods.com |

Stephen E. Hessler, as President of Stephen E.
Hessler P.C., partner of Kirkland & Ellis LLP
Chad J. Husnick, P.C.
Jennifer Levy (admitted *pro hac vice*)
AnnElyse Scarlett Gains
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    stephen.hessler@kirkland.com
Email:    chad.husnick@kirkland.com
Email:    jennifer.levy@kirkland.com
Email:    annelyse.gains@kirkland.com

*Co-Counsel for Navient Solutions, LLC*

Thomas M. Farrell (admitted *pro hac vice*)
K. Elizabeth Sieg (admitted *pro hac vice*)
Joseph Florczak (admitted *pro hac vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, Virginia 23219
Telephone:    (804) 775-1000
Email: tfarrell@mcguirewoods.com
Email: bsieg@mcguirewoods.com
Email: jflorczak@mcguirewoods.com

*Co-Counsel for Navient Solutions, LLC*