UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------x

In re

NAVIENT SOLUTIONS, LLC,                                    Case No. 21-21049 (MG)

                              Alleged Involuntary Debtor.

----------------------------------------------------------------------------x

**MEMORANDUM OF LAW FOR NONPARTY PUBLIC INTEREST
CAPITAL LLC, AND NONPARTY COUNSEL FOR NONPARTY
PUBLIC INTEREST CAPITAL LLC, IN OPPOSIION TO THE
ALLEGED DEBTOR'S POST-DISMISSAL LEGAL FEE SHIFTING
LIABILITY MOTION AGAINST THOSE NONPARTIES**

1.      Nonparty Public Interest Capital, LLC ("PICAP"), and its nonparty counsel

Michael B. Wolk and Law Offices of Michael B. Wolk, P.C. ("PICAP Counsel")

(together, PICAP and PICAP Counsel shall be defined as "Nonparties"), respectfully

submit this Memorandum of Law in opposition to a post-dismissal legal fee shifting

liability motion by the Alleged Debtor Navient Solutions, LLC ("Navient").

**PROCEDURAL HISTORY**

2.      On February 8, 2021, Sarah Bannister, Brandon Hood and LaBarron Tate

(together, "Petitioning Creditors") commenced this involuntary Chapter 11 bankruptcy

case against Navient, as an Alleged Involuntary Debtor, upon Petitioning Creditors' filing

of an involuntary petition, and related involuntary petition supplement with exhibits, in

the Bankruptcy Court.  Dkt 1-3.[1]

3.      On February 17, 2021, Navient filed a pre-answer motion to dismiss this

involuntary case based upon (a) a threshold jurisdictional ground under the federal

---

[1] "Dkt" means the electronically filed docket for the involuntary case maintained by the Clerk's Office at the United States Bankruptcy Court for the Southern District of New York.  The electronic filings in this case are expressly incorporated into this memorandum of law.  It is respectfully requested that the Bankruptcy Court take judicial notice of the electronic filings in this case that are referenced in this memorandum of law.  Dkt 1 contains the involuntary petition filed by Petitioning Creditors.  Dkt 2-3 contains the related involuntary petition supplement with exhibits filed by Petitioning Creditors.

abstention statute in 11 U.S.C. § 305, authorizing the Bankruptcy Court, in certain

circumstances, to decline the exercise of jurisdiction over the involuntary case or (b) non-

jurisdictional, merits-related, grounds involving the non-jurisdictional, statutory

provisions in 11 U.S.C.§ 303(b) and/or 11 U.S.C. § 303(h) (and/or a non-jurisdictional,

merits-related, judicially-created, "bad faith" ground).  Dkt. 14-16.

4.       In response to Navient's motion seeking expedited relief in connection with its

pre-answer motion to dismiss, the Bankruptcy Court (a) ordered Petitioning Creditors to

respond to Navient's pre-answer motion to dismiss within three (3) business days and (b)

imposed an expedited hearing date, for oral argument from counsel, within seven (7) days

for Thursday morning February 25, 2021 at 10:00 a.m.  Dkt. 19.

5.       On February 17, 2021, Austin Smith and Smith Law Group LLP, as counsel for

Petitioning Creditors, filed an application (as thereafter supplemented) seeking to convert

Navient's pre-answer motion to dismiss into a summary judgment motion.  Dkt. 17 & 22.

The Bankruptcy Court denied the application.  Dkt. 24.

6.       During the late afternoon on Tuesday February 23, 2001, nonparty PICAP,

represented by nonparty PICAP Counsel, sought to intervene into this case as a proposed

"joinder creditor," both in (a) PICAP's proposed individual capacity as a recent purchaser

of an unsecured claim from one of Navient's unsecured creditors who, as of August 31,

2020, had successfully obtained a significant victory against Navient in a unanimous,

published, appellate ruling from the United States Court of Appeals for the Tenth Circuit.

See *McDaniel v. Navient Solutions, LLC*, 973 F.3d 1083 (10th Cir. 2020) and (b) PICAP's

proposed "class claim" capacity seeking to assert a "class claim" on behalf of a group of

similarly situated, unsecured creditors against Navient, arising from that appellate

decision from the United States Court of Appeals.  Dkt. 35.  PICAP's proposed

intervention application was accompanied by a filed application seeking a short

adjournment of the counsel oral argument directed by the Bankruptcy Court for Thursday

morning February 25, 2021 at 10:00 a.m.  Dkt. 37.  The Bankruptcy Court denied the

application for an adjournment.

7.      At the counsel oral argument on Thursday morning 25, 2021, Navient

**<u>SUCCESSFULLY ARGUED</u>** that PICAP should not be legally allowed to intervene

and become a "joinder creditor" in the case.  See Decl., pages 30-32 in the February 25,

2021 Transcript evidencing that Navient opposed PICAP's attempt to intervene and

become a "joinder creditor" in this involuntary case on three distinct grounds: (1) the Bar

to Joinder Doctrine (see p. 31), (2) the statutory Joinder Requirements under Rule

1003(a) of the Federal Rules of Bankruptcy Procedure (see p. 30) and (3) the alleged non-

assignability of the unsecured claim to PICAP (p. 30).  See also, *Id.*, pages 64-65 in the

February 25, 2021 Transcript where the Bankruptcy Court, after the conclusion of oral

argument from counsel, ruled that PICAP's "purported joinder" had been "denied" and

that such purported joinder "purports to assert an assigned claim."  Later that same day,

on February 25, 2021, the Bankruptcy Court entered an Order dismissing the case based

upon, *inter alia*, the jurisdictional ground under the federal abstention statute in 11 U.S.C.

305.  Dkt 42, p. 2, par. 2 ("[T]he Court abstains from adjudicating the Involuntary Case

pursuant to section 305(a) of the Bankruptcy Code.").

8.      Significantly, in paragraph 3 of that same written dismissal order, entered

February 25, 2021, the Bankruptcy Court denied PICAP's attempt to intervene and

become a "joinder creditor" in the involuntary case, by ruling that "Any and all motions,

notices, objections, responses, joinders, or other pleadings or filings concerning this
Involuntary Case and the [Dismissal] Motion that have not been decided prior to the date
hereof are denied, dismissed, and/or overruled." Dkt 42, p. 2, par. 3.

9.      On March 8, 2021, the Bankruptcy Court also entered and published an Order and
Opinion explaining the reasons for the dismissal of the involuntary case based upon, *inter
alia*, the jurisdictional ground under the federal abstention statute in 11 U.S.C. 305. Dkt.
45, see pp. 25-29. In that March 8, 2021 Order, the Bankruptcy Court again denied
PICAP's attempt to intervene and become a "joinder creditor" in the case, by ruling that
"an opportunity for creditors," like PICAP, "to join the involuntary petition is
unnecessary." Dkt 45, p. 25, n. 14.

10.     On March 29, 2021, more than a month after the Bankruptcy Court, on February
25, 2021, had previously dismissed the involuntary case, *inter alia*, on jurisdictional
grounds under the federal abstention statute in 11 U.S.C. 305, Navient filed a post-
dismissal proceeding seeking, *inter alia*, to impose legal fee shifting liability, under 11
U.S.C. 303(i)(1), .on nonparty PICAP and on nonparty PICAP Counsel, jointly and
severally, **for having had the temerity to file a 3-page document in the late
afternoon on February 23, 2021** attempting to intervene and become a "joinder
creditor" in the case [Wolk Decl. Exh. A], **and then having the temerity to appear at
oral argument before the Bankruptcy Court on the morning of February 25, 2021**
during which the Bankruptcy Court, as set forth above, did not allow PICAP to
become a "joinder creditor" in the case. Dkt. 54-55.

11.      Although there are multiple, independently sufficient, legal reasons for denying
Navient's attempt to impose legal fee shifting liability on nonparty PICAP, and nonparty

PICAP Counsel [see legal reasons below], it is troubling that Navient unabashedly maintains that despite the very limited litigation acts by nonparty PICAP and nonparty PICAP Counsel - - **during less than two full days from the late afternoon of February 23, 2021 to the morning of February 25, 2021** - - Navient nevertheless seeks to impose **ALL of Navient's claimed legal fees of $608,385.44** (primarily consisting of legal services allegedly rendered on behalf of Navient during a 17-day period between the February 8, 2021 commencement date for the involuntary case and the February 25, 2021 dismissal date for the involuntary case) on nonparty PICAP and nonparty PICAP counsel.

12.     On April 9, 2021, Petitioning Creditors and their counsel, who had previously filed an appeal from the Bankruptcy Court's dismissal-related orders, filed an application in the Bankruptcy Court, under FRBP 8007, seeking a stay of Navient's post-dismissal legal fee shifting liability proceeding against them, pending an appellate determination of their appeal against Navient.  Dkt. 57.

13.     On April 11, 2021, nonparty PICAP and nonparty PICAP counsel, who had not filed an appeal from any Bankruptcy Court order, filed an application in the Bankruptcy Court, under FRBP 8007(e), seeking a stay of Navient's post-dismissal legal fee shifting liability proceeding as against nonparty PICAP and nonparty PICAP counsel, pending an appellate determination of the appeal by Petitioning Creditors and their counsel against Navient.  Dkt. 58.  On April 13, 2021, nonparty PICAP and nonparty PICAP submitted a supplemental letter application by email on their stay application.  On April 13, 2021, the Bankruptcy Court denied all of the stay applications.  Dkt. 59.

14.     On April 14-15, 2021, nonparty PICAP and nonparty PICAP counsel filed a motion, under 28 U.S.C. 157(d) and FRBP 5011, for a mandatory withdrawal of

Navient's post-dismissal legal fee shifting liability proceeding - - to the extent that such proceeding seeks to impose legal fee shifting liability as against nonparty PICAP and nonparty PICAP counsel - - because a resolution of Navient's post-dismissal proceeding against nonparty PICAP and nonparty PICAP Counsel requires consideration of both (i) Title 11 (bankruptcy law) and (ii) non-bankruptcy laws of the United States arising under the United States Constitution, and/or arising under non-bankruptcy federal statutes or non-bankruptcy federal law precedents from the United States Supreme Court, regulating persons or activities affecting interstate commerce.[2]

15.    On April 14, 2021, nonparty PICAP and nonparty PICAP counsel also filed a motion, pursuant to FRCP 5011(c) and/or FRBP 8007(e), for the issuance of a temporary, status quo, stay by the District Court - - so as to temporarily restrain Navient from continuing its post-dismissal, legal fee shifting liability proceeding as against nonparty PICAP and nonparty PICAP counsel - - until the District Court decides the mandatory withdrawal motion, pursuant to 28 U.S.C. 157(d), as to whether, *inter alia*,  (a) an Article I Bankruptcy Court, once it dismisses an involuntary case on jurisdictional grounds under the federal abstention statute in 11 U.S.C. 305, is constitutionally prohibited from adjudicating any merits issues under Article III of the United States Constitution and/or (b) only an Article III District Court (not an Article I Bankruptcy Court) has subject matter jurisdiction over Navient's post-dismissal, legal fee shifting proceeding to the extent such proceeding is against nonparty PICAP and nonparty PICAP counsel.

---

[2] That mandatory withdrawal motion is pending before District Judge John G. Koeltl, who is also presiding over the related bankruptcy appeal previously filed by Petitioning Creditors and their counsel against Navient.

16.     On April 15, 2021, the District Court issued an order scheduling a telephone
conference on the stay motion for 3:30 pm on April 16, 2021, and directing Navient to
file a response to the stay motion by 9:00 am on April 16, 2021.  On April 16, 2021,
shortly before 9:00 am, Navient filed opposition to the stay motion shortly before 9:00
am.  On April 16, 2021, shortly before Noon, nonparty PICAP and nonparty PICAP
counsel filed a short reply on the stay motion.  On April 16, 2021, at approximately 3:30
pm, the District Court presided over a telephone conference on the stay motion and,
following oral argument from counsel, the District Court declined to issue a stay, and will
subsequently decide the pending mandatory withdrawal motion after the completion of
briefing by both sides.

17.     On April 15, 2021, prior to the deadline for the filing of opposition papers,
nonparty PICAP and nonparty PICAP counsel filed an application notifying the
Bankruptcy Court about the pending stay motion (and mandatory withdrawal motion)
pending in District Court, and respectfully requesting a two business day adjournment to
Monday April 19, 2021 for the filing of opposition papers in the Bankruptcy Court in the
event the District Court were to deny the then-pending stay application.  Dkt. 61.
Pursuant to Local Bankruptcy Rule 9006-2, the adjournment application operates to
extend the time for the filing of opposition papers pending a ruling from the Bankruptcy
Court on the adjournment application.

18.     Due to the District Court's denial of a stay in the late afternoon on Friday April
16, 2021, nonparty PICAP and nonparty PICAP counsel have proceeded to prepare
opposition papers, for filing on Monday April 19, 2021 in the Bankruptcy Court, in
opposition to Navient's post-dismissal, legal fee shifting liability proceeding.

## LEGAL ARGUMENT

**NAVIENT'S POST-DISMISSAL, LEGAL FEE SHIFTING
LIABILITY PROCEEDING - - AS AGAINST NONPARTY
PICAP AND NONPARTY PICAP COUNSEL - - SHOULD
BE DENIED BASED UPON ONE OR MORE OF THE
INDEPENDENT LEGAL REASONS SET FORTH HEREIN.**

19.     The **<u>FIRST</u>** independent legal reason for denial of Navient's post-dismissal, legal

fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP

counsel - - is based upon a threshold jurisdictional ground under Article III of the United

States Constitution.

20.     Where, as here, an involuntary bankruptcy case is dismissed on jurisdictional

grounds under the federal abstention statute in 11 U.S.C. 305 - - whereby the Bankruptcy

Court declines to exercise jurisdiction over the involuntary bankruptcy case - - such a

jurisdictionally-based, abstention dismissal means (a) there is no "case or controversy"

under Article III of the United States Constitution and, thus, (b) the Bankruptcy Court is

constitutionally prohibited, under Article III of the United States Constitution, from

adjudicating any merits issues in connection with the jurisdictionally-rejected,

involuntary bankruptcy case.

21.     In other words, since this involuntary bankruptcy case was dismissed on

jurisdictional grounds, Article III of the United States Constitution divested the

Bankruptcy Court of the power to adjudicate any non-jurisdictional issues on the merits,

such as the non-jurisdictional issues that Navient seeks to have adjudicated on the merits

on its post-dismissal, legal fee shifting liability motion against nonparty PICAP and

nonparty PICAP Counsel.  As a result, Navient's post-dismissal, legal fee shifting

liability motion as against nonparty PICAP and nonparty PICAP Counsel should be

denied on this threshold ground, for lack of jurisdiction, under Article III of the United States Constitution.

22.    In *In re Axona Int'l Credit & Commerce Ltd*., 924 F.2d 31, 35 (2d Cir. 1991), the Second Circuit ruled that Congress intended for a dismissal of a bankruptcy case under the federal abstention statute in 11 U.S.C. § 305 - - pursuant to which the bankruptcy court declines to exercise jurisdiction over a voluntary (or involuntary) bankruptcy case on abstention grounds - - to constitute a threshold, jurisdictionally-based, dismissal:

"*Section 305 [of the Bankruptcy Code] appears to have been originally conceived as an abstention provision*.  The Senate Report accompanying [congressional enactment of 11 U.S.C. §] 305 states: 'This section recognizes that there are cases in which it would be appropriate for the [bankruptcy] court to decline jurisdiction.  *Abstention under this section, however, is jurisdiction over the entire case*.'  S. Rep. No. 95-989 at 35; U.S. Code Cong. & Admin. News 1978, pp. 5787, 5821.  Such abstention provisions in the bankruptcy context also appear at 28 U.S.C. §§ 1334(c) and 1452(b).  These provisions permit a [bankruptcy] judge to refuse to assert jurisdiction over a case in favor of providing an alternate forum.  Such abstention decisions are normally made at the outset of a case, before the abstaining court has acted to affect any of the parties' substantive rights and are, appropriately, unreviewable because they would prove an unwarranted burden on scarce appellate resources and because the merits will be adjudicated elsewhere from which an appeal will presumably then follow." [emphasis added]

23.    Indeed, in *Sinochem Int'l v. Malaysia Int'l Shipping*, 549 U.S. 422, 127 S.Ct. 1184, 1190-1193 (2007), the United States Supreme Court ruled that an abstention-based dismissal of a case constitutes a threshold, jurisdictionally-based dismissal that

9

constitutionally prohibits the court from adjudicating any merits issues under Article III

of the United States Constitution:

> "We have characterized forum *non conveniens* as, essentially,
> 'a supervening venue provision, permitting displacement of the
> ordinary rules of venue when, in light of certain conditions, the
> trial court thinks that jurisdiction ought to be declined [cit. om.]';
> [cit. om. stating ***forum non conveniens 'involves a deliberate
> abstention from the exercise of jurisdiction'***]. . . *Steel Co.* [*v.
> Citizens for a Better Environment*, 523 U.S. 83 (1998)] clarified
> that a federal court generally may not rule on the merits of a
> case without first determining that it has jurisdiction over the
> category of claim in suit (subject matter jurisdiction) and
> the parties (personal jurisdiction) [cit. om.]. '***Without jurisdiction
> the court cannot proceed at all in any cause:' it may not assume
> jurisdiction for the purpose of deciding the merits of the case***
> [cit. om.]. ***While Steel Co. confirmed that jurisdictional questions
> ordinarily must precede merits determinations in dispositional order***,
> *Ruhrgas* [*AG v. Marathon Oil Co.,* 526 U.S. 574 (1999)] held that
> there is no mandatory 'sequencing of jurisdictional issues' [cit. om.].
> In appropriate circumstances, *Ruhrgas* decided a court may dismiss
> for lack of personal jurisdiction without first establishing subject
> matter jurisdiction [cit. om.].  Both *Steel Co*. and *Ruhrgas* recognized
> that ***a federal court has leeway 'to choose among threshold grounds
> for denying audience to a case on the merits' [cit. om.].  Dismissal
> short of reaching the merits means that the court will not 'proceed
> at all' to an adjudication of the cause***.  The principle underlying these
> decisions was well stated by the Seventh Circuit: 'Jurisdiction is vital
> only if the court proposes to issue a judgment on the merits' [cit. om.]
> . . .A forum *non conveniens* dismissal [a type of abstention dismissal
> declining to exercise jurisdiction] 'denies audience to a case on the
> merits' [cit. om.].  It is a determination that the merits should be
> adjudicated elsewhere [cits. om.].   The Third Circuit [in this case
> properly] recognized that forum *non conveniens* 'is a non-merits ground
> for dismissal' [cit. om.].  A [ ] court therefore may dispose of an action
> by a forum *non conveniens* dismissal, bypassing questions of subject
> matter and personal jurisdiction, when considerations of convenience,
> fairness, and judicial economy so warrant. . . ***The critical point here,
> rendering a forum non conveniens determination a threshold,
> nonmerits issue in the relevant context, is simply this: resolving
> a forum non conveniens motion does not entail any assumption
> by the court of substantive 'law-declaring power'*** [cit. om]."
> [emphasis added]

24.     Similarly, in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89-95, 101-102 (1998), the United States Supreme Court ruled that a jurisdictionally-based dismissal of a case constitutionally prohibits the court from adjudicating any merits issues under Article III of the United States Constitution:

> "It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject matter jurisdiction, *i.e.,* the courts' statutory or constitutional power to adjudicate the case [cits. om.]. . . 'The question whether a federal statute creates a claim for relief is not jurisdictional' [cit. om.]. . . ***The Ninth Circuit has denominated this practice – which it characterizes as 'assuming' jurisdiction for the purpose of deciding the merits – the 'doctrine of hypothetical jurisdiction.' [cit. om.]. We decline to endorse such an approach because it carries the courts beyond the bounds of authorized judicial action and this offends fundamental principles of separation of powers***.  This conclusion should come as no surprise, since it is reflected in a long and venerable line of our cases.  'Without jurisdiction the court cannot proceed at all in any cause. ***Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause***.' [cit. om.].  'On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court, and then of the court from which the record comes.  This question the court is bound to ask and answer for itself, even when not otherwise suggested, and without respect to the relation of the parties to it.' [cit. om.].  ***The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception***.' [cit. om.].
>
> ***Hypothetical jurisdiction produces nothing more than a hypothetical judgment – which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning*** [cits. om.].  Much more than legal niceties are at stake here.  The statutory and (especially) constitutional elements of jurisdiction are an essential ingredient of separation and equilibration of powers, restraining the courts from acting at certain times, and even restraining them from acting permanently regarding certain subjects [cits. om.].

> ***For a court to pronounce upon the meaning or the constitutionality of a state or federal law when it has no jurisdiction to do so is, by very definition, for a court to act ultra vires*.**" [emphasis added][3]

25.    Accordingly, nonparty PICAP and nonparty PICAP counsel have a constitutional right under Article III of the United States Constitution, in connection with this jurisdictionally-rejected involuntary case, to not be subject to an adjudication of any merits issues involving Navient's post-dismissal, legal fee shifting liability proceeding against them.  As a result, Navient's post-dismissal, legal fee shifting liability motion as against nonparty PICAP and nonparty PICAP Counsel should be denied on this threshold ground, for lack of jurisdiction, under Article III of the United States Constitution.

26.    Navient's motion papers do not address this threshold, jurisdictional issue - - even though Navient, in seeking merits relief against nonparty PICAP and nonparty PICAP Counsel, has the burden of proof to demonstrate if the Bankruptcy Court has jurisdiction to adjudicate such merits relief against nonparty PICAP and nonparty PICAP Counsel.

26.    The **SECOND** independent legal reason for denial of Navient's post-dismissal, legal fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP counsel - - is based upon the application of legal doctrines to their nonparty status.

27.    The Court is respectfully referred to the documented facts set forth above in pages

---

[3] *In United States v. Corrick*, 298 U.S. 435, 440 (1936), the United States Supreme Court ruled that an appellate court is constitutionally obligated to vacate a lower court's ruling for lack of subject matter jurisdiction, even where the parties have never raised the subject matter jurisdiction issue: "The appellants did not raise the question of jurisdiction at the hearing below.  But the lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived by the parties, and the [lower] court should, therefore, have declined *sua sponte*, to proceed in the cause [cits. om.].  And if the record discloses that the lower court was without jurisdiction this [appellate] court will notice the defect, although the parties make no contention concerning it [cits. om.].  While the [lower] court lacked jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit [cits. om.].  The decree must, therefore, be reversed and the cause remanded with directions to dismiss the bill."

2-4 herein showing that Navient - - who SUCCESSFULLY PERSUADED the

Bankruptcy Court to issue a ruling that PICAP should not be legally allowed to intervene

and become a "joinder creditor" in the case - - from now attempting to advance an

inconsistent argument, in its post-dismissal proceeding, that PICAP purportedly became,

or was allowed by the Bankruptcy Court to intervene and become, a "joinder creditor" in

the case.  Navient never filed an appeal or reconsideration motion about the Bankruptcy

Court's ruling that PICAP should not legally be allowed to intervene and become a

"joinder creditor" in the case.  Even Navient concedes in its post-dismissal proceeding

that, in the absence of PICAP having legally become a "joinder creditor" in the case,

neither PICAP, nor PICAP counsel, has any hypothetical "legal fee shifting liability."

28.     Indeed, pursuant to the Judicial Estoppel Doctrine, Navient's successful

argument in persuading the Bankruptcy Court to issue a ruling that PICAP should

not legally be allowed to intervene and become a "joinder creditor" in the case legally

precludes Navient from even asserting, in its post-dismissal proceeding, that PICAP

purportedly became, or was allowed by the Bankruptcy Court to intervene and become, a

"joinder creditor" in the case.  See, e.g., *New Hampshire v. Maine*, 532 U.S. 742. 749

(2001) (Supreme Court ruled that "Where a party assumes a certain position in a legal

proceeding, and succeeds in maintaining that position, he may not thereafter simply

because his interests have changed, assume a contrary position."); *Peralta v. Vasquez*,

467 F.3d 98, 105 (2d Cir. 2006) (Second Circuit ruled that to invoke the judicial estoppel

doctrine "(1) the party against whom it is asserted must have advanced an inconsistent

position in a prior proceeding, and (2) the inconsistent position must have been adopted

by the court in some manner.").

29.     Moreover, FRBP 1018 (and the statutory requirements incorporated therein) also statutorily preclude Navient from even asserting, in its post-dismissal proceeding, that PICAP purportedly became, or was allowed by the Bankruptcy Court to intervene and become, a "joinder creditor" in the case.  FRBP 1018 provides that the intervention-joinder rule under FRBP 7024, involving an adversary proceeding, applies to an involuntary bankruptcy case.  FRBP 7024 provides that the intervention-joinder rule under Rule 24 of the Federal Rules of Civil Procedure ("FRCP") applies to an adversary proceeding.  FRCP 24 requires, *inter alia*, that a "motion to intervene must be served on the parties" and a statutorily required intervention motion "must state the grounds for intervention."  Here, as documented above in pages 2-4 herein, the Bankruptcy Court never granted any motion for intervention-joinder involving PICAP - - and, in fact, the Bankruptcy Court ruled that PICAP should not legally be allowed to intervene and become a "joinder creditor" in the case.  Thus, due to the absence of a ruling allowing PICAP to intervene and become a "joinder creditor" in the case - - which is a statutory requirement under FRBP 1018 (incorporating the intervention-joinder rule under FRBP 7024 and FRCP 24) - - Navient is statutorily precluded from even asserting, in its post-dismissal proceeding, that PICAP was legally allowed to become a "joinder creditor" in the case.

30.     In addition, FRBP 1003, and appellate precedent applying the same, also statutorily preclude Navient from even asserting, in its post-dismissal proceeding, that PICAP purportedly became, or was legally allowed to become, a "joinder creditor" in the case.  FRBP 1003 disqualifies a person from being treated as a legally allowable "joinder creditor" in an involuntary case where, as here, the Bankruptcy Court was persuaded by

Navient's argument that the attempted "joinder creditor" acquired the claim for the purpose of seeking "to join" in an involuntary case. Dkt. ___, p. __ and the FRBP 1003 disqualification ruling from the Court of Appeals in *Kelly v. Harrell*, __ F. App'x __, No. 14-1686 (7th Cir. Mar. 3, 2015) (collecting FRBP 1003 disqualification cases).

31.    Finally, United States Supreme Court precedent has rejected Navient's argument, in its post-dismissal proceeding, that nonparty PICAP should purportedly be treated as a "joinder creditor" notwithstanding the documented facts, as set forth above in pages 2-4 herein, that (a) Navient ARGUED to the Bankruptcy Court and/or PERSUADED the Bankruptcy Court to issue a ruling that denied "joinder creditor" status to PICAP and/or (b) not only is there no Bankruptcy Court ruling that grants any motion for intervention-joinder involving PICAP (which is statutorily required), there is, in fact, a Bankruptcy Court ruling that denied "joinder creditor" status to PICAP.  See, e.g., *Martin v. Wilks*, 490 U.S. 755, 765 (1989) ("**Joinder as a party, rather than knowledge of a lawsuit and an opportunity to intervene, is the method by which potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree**.") (emphasis added); *Karcher v. May*, 484 U.S. 72, 77-78 (1987) ("One who is not an original party to a lawsuit may of course become a party by intervention, substitution, or third-party practice [cits. om.].  But we have consistently applied the general rule that one who is not a party or has not been treated as a party to a judgment has no right to appeal therefrom [cits. om.]."); *Lance v. Dennis*, 546 U.S. 459, 466 (2006) ("The Rooker-Feldman doctrine does not bar actions by nonparties to the earlier [ ] court judgment simply because, for purposes of preclusion law, they could be considered in privity with a party to the judgment.").

32.    Accordingly, based upon the application of the foregoing legal doctrines to the

nonparty status of PICAP and PICAP Counsel, Navient's post-dismissal, legal fee

shifting liability proceeding against nonparty PICAP and nonparty PICAP Counsel

should be denied for this independent legal reason.

33.    Navient's motion papers do not address these foregoing legal doctrines in

connection with the nonparty status of PICAP and PICAP Counsel.

34.    The **THIRD** independent legal reason for denial of Navient's post-dismissal,

legal fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP

counsel - - is based upon the time-barred nature of that legal fee application.

35.    Navient's post-dismissal proceeding, seeking to impose legal fee shifting liability

on nonparty PICAP and nonparty PICAP Counsel, was filed by Navient on March 29,

2021 - - more than a month after the involuntary case was dismissed by the Bankruptcy

Court on February 25, 2021 (both orally on the transcribed record and in an entered,

written, dismissal order later that same day).  As a result, Navient's post-dismissal, legal

fee shifting liability motion, as against non-party PICAP and nonparty PICAP Counsel, is

statutorily time-barred.[4]  FRCP 54(d)(2)(B)(i), which governs an involuntary case,[5]

requires that a legal fee shifting liability motion must be filed within 14 days after the

entry of "judgment."  FRCP 54(a) provides that a "judgment" means "a decree and any

order from which an appeal lies."  28 U.S.C. 158(a) provides that District Courts have

appellate jurisdiction to hear bankruptcy appeals from, inter alia, "orders and decrees."

36.    The United States Court of Appeals for the Second Circuit strictly enforces this

14-day time-period for the filing of a post-dismissal, legal fee shifting liability motion - -

---

[4] FRBP 1018 (which governs an involuntary bankruptcy case) incorporates FRBP 7054 (which governs an adversary proceeding in bankruptcy court) which, in turn, incorporates FRCP 54.
[5] See footnote 4 *infra*.

failing which the legal fee movant is deemed to be statutorily time-barred from seeking to recover any claimed legal fees.  See, e.g., *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004):

> "Congress' reason for its 1993 addition to Rule 54(d)(2)(B) (the fourteen-day deadline) were three-fold: (1) to provide notice of the fee motion to the non-movant before the time to appeal expires; (2) to encourage a prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue; and (3) to resolve fee disputes efficiently 'while the services performed are freshly in mind.' Fed.R.Civ.P 54 advisory committee's notes (1993); see *Weyant v Okst*, 198 F.3d 311, 315 (2d Cir. 1999) (noting that the deadline was intended, in part, to minimize 'piecemeal appeals of merits and fee questions').  Allowing district judges to extend the deadline for filing a motion for attorneys' fees without any showing of 'excusable neglect' would impede these efficiency and fairness goals."

37.    Like the Second Circuit, at least four other federal courts of appeal have ruled that the failure to file a timely legal fee motion within 14 days after entry of the underlying dismissal order statutorily bars an attempted legal fee shifting under a fee-shifting statute or a fee-shifting clause in a contract.  See, e.g., *Brown & Pipkins, LLC v. SEIU*, 846 F.3d 716, 729-731 (4th Cir. 2017); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889-890 (9th Cir. 2000); *Logue v. Dore*, 103 F.3d 1040, 1047 (1st Cir. 1997); *United Industries, Inc. v. Simon-Hartley, Ltd.,* 91 F.3d 762, 766 (5th Cir. 1996).[6]

38.    Here, a written dismissal order was entered on February 25, 2021, thereby triggering the statutorily-imposed 14-day period during which to file a post-dismissal legal fee shifting liability motion.  Navient, however, failed to file its post-dismissal, legal fee shifting liability motion until more than 30 days later on March 29, 2021.  Thus,

---

[6] In 2014, Congress authorized an amendment to FRBP 7054 to make it unequivocally clear that the 14-day statutory filing period in FRCP 54 governs a post-dismissal legal fee application.  Pursuant to that 2014 Congressional Amendment, an appellate court has recently reversed a legal fee ruling by a bankruptcy court awarding $433,102.78 in legal fees because the legal fee motion was not filed with the Bankruptcy Court within the statutorily required 14-day period.  *In re Peabody Energy Corp.*, 612 B.R. 916, 919-921 (E.D.Mo. 2020).

Navient's post-dismissal, legal fee shifting liability motion against nonparty PICAP and

nonparty PICAP Counsel should also be denied on the independent legal ground that

such legal fee shifting liability motion is statutorily time-barred.

39.     Navient's motion papers do not address this statutory time-bar issue.[7]

40.     The **FOURTH** independent legal reason for denial of Navient's post-dismissal,

legal fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP

counsel - - is based upon precedent from the United States Supreme Court applying the

"American Rule" against legal fee shifting liability, except in limited situations where

Congress has provided a "sufficiently specific and explicit indication of its

[Congressional] intent to overcome the American Rule's presumption against fee shifting

[cit. om.]."  *Peter v. Nantkwest, Inc*., 140 S.Ct. 365, 370-374 (2019);[8] *Alyeska Pipeline*

*Service Co. v. Wilderness Society*, 421 U.S. 240, 262-263 (1975) ("But congressional

utilization of the private-attorney-general concept can in no sense be construed as a grant

of authority to the Judiciary to jettison the traditional rule against nonstatutory allowances

to the prevailing party and to award attorneys' fees whenever the courts deem the public

---

[7] Although the Bankruptcy Court's written dismissal order, entered February 25, 2021, indicates that Navient had not waived any potential legal fee claim against PICAP and PICAP Counsel, neither that written dismissal order, nor any other order, extends the statutory 14-day period for Navient to file a post-dismissal, legal fee shifting liability motion against PICAP and PICAP Counsel.  Moreover, prior to February 25, 2021, Navient had never filed a motion or pleading seeking to impose legal fee shifting liability on PICAP and PICAP Counsel under 11 U.S.C. 303(i)(1).

[8] Just fifteen months ago, the Supreme Court reaffirmed longstanding federal law that (a) "This Court's 'basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule:' Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise [cits. om.].  The American Rule has 'roots in our common law reaching back to at least the 18th century' [cits. om.].; (b) "This Court has never suggested that any statute is exempt from the presumption against fee shifting."; (c) "To determine whether Congress intended to depart from the American Rule presumption, the Court first 'looks to the language of the [statutory] section' at issue [cit. om.]. . . Congress must provide a sufficiently 'specific and explicit' indication of its intent to overcome the American Rule's presumption against fee shifting [cit. om.]."; and (d) "[T]he mere failure to foreclose a fee award 'neither specifically nor explicitly authorizes courts to shift fees' [cit. om.].").  *Peter v. Nantkwest, Inc*., 140 S.Ct. 365, 370-374 (2019).

policy furthered by a particular statute important enough to warrant the award.").

41.    Here, Navient's post-dismissal proceeding seeks to impose legal fee shifting

liability on nonparty PICAP and nonparty PICAP Counsel under 11 U.S.C. 303(i)(1),

which provides that "(i) If the court dismisses a [involuntary] petition under this section[9]

. . . the court may grant judgment (1) **against the petitioners** and in favor of the debtor

for (A) costs; or (b) a reasonable attorney's fee." [emphasis added].  There is no statutory

language in 11 U.S.C. 303(i)(1) containing a "sufficiently specific and explicit indication

of its [Congressional] intent to overcome the American Rule's presumption against fee

shifting" so as to impose legal fee shifting liability on a nonparty, or a nonparty's

counsel, (as contrasted with "**petitioners**" themselves).[10]  *Peter, id*., 140 S.Ct at 37-374.

42.    Navient's motion papers do not address the American Rule presumption against

legal fee shifting liability or the Supreme Court precedent enforcing the same.

43.    The **FIFTH** independent legal reason for denial of Navient's post-dismissal, legal

fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP

Counsel - - is based upon precedent from the United States Supreme Court indicating that

(a) legal fee shifting liability is compensatory (not punitive) and, thus, (b) legal fee

shifting liability cannot be imposed on an adversary for legal services that were rendered

irrespective of the adversary's litigation acts.  In other words, unless an adversary's

litigation acts are the **"but for" cause** of why the legal services at issue were rendered,

then legal fee shifting liability for those legal services at issue cannot be imposed on the

---

[9] The phrase "this section" is a reference to the statutory provisions in U.S.C. 303 governing an involuntary petition - - such as 11 U.S.C. 303(b) and 11 U.S.C. 303(h).

[10] Moreover, when Congress intends to impose legal fee liability on counsel, Congress has specifically and explicitly done so in statutes such as 28 U.S.C. 1927 and FRCP 11 - - neither of which is a recited basis for Navient's post-dismissal proceeding against nonparty PICAP Counsel (or counsel for the Petitioning Creditors).

adversary.  See, e.g., *Fox v. Vice*, 563 U.S. 826, 131 S.Ct. 2205, 2215-16 (2011), where

the Supreme Court ruled, in the context of a legal fee shifting liability statute adopted by

Congress, that it would be a congressionally unintended "windfall" to impose legal fee

shifting liability on an adversary for legal services that were rendered for a reason

not "attributable" to the litigation acts of the adversary);[11] *Goodyear Tire & Rubber Co.*

*v. Haeger*, 137 S.Ct. 1178, 1184-88 (2017), where the Supreme Court ruled, in the

context of legal fee shifting liability under the Court's inherent sanction power, that it

would be an impermissible, non-compensatory "windfall" to impose legal fee shifting

liability on an adversary for legal services that were rendered for a reason not

"attributable" to the litigation acts of the adversary).[12]

44.       Here, as set forth above, Navient unabashedly maintains that despite the very

limited litigation acts by nonparty PICAP and nonparty PICAP Counsel - - **during less**

**than two full days** from the late afternoon of February 23, 2021 to the morning of

February 25, 2021 consisting of **the filing of a 3-page document in the late afternoon**

**on February 23, 2021** attempting to intervene and become a "joinder creditor" in the

case, and then having the temerity to appear at oral argument before the Bankruptcy

---

[11] As the Supreme Court stated in *Perdue v. Kenny*, 559 U.S. 542, 550 (2010), congressional legal fee
shifting statutes "do not explain what Congress meant by a 'reasonable fee,' and therefore the task of
identifying an appropriate methodology for determining a 'reasonable fee' was left to the courts."

[12] "[T]he court can shift only those attorney's fees incurred because of the [ ] conduct at issue [by the
adversary].  Compensation for a wrong, after all, tracks the loss resulting from the wrong.  So as we have
previously noted, a [legal fee] sanction counts as compensatory only if it is 'calibrated to the damages
caused by' the [ ] acts on which it is based [cit. om.].  A [legal] fee award is so calibrated if it covers the
legal bills that the litigation [acts] occasioned.  But if an award extends further than that – to [legal] fees
that would have been incurred without the [ ] conduct [by the adversary] – then it crosses the boundary
from compensation to punishment. . . That kind of causal connection, as this Court explained in another
attorney's fees case, is appropriately framed as a but-for test: The complaining party (here, the Haegers)
may recover 'only the portion of his fees that he would not have paid but for' the [ ] conduct.  *Fox v. Vice*,
536 U.S. 826, 836, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011); see *Paroline v. United States*, 572 U.S. __, ___,
134 S.Ct. 1710, 1722, 188 L.Ed.2d 714 (2014) ("The traditional way to prove that one event was a factual
cause of another is to show that the latter would not have occurred 'but for' the former.")."  *Id.*

Court on the morning of February 25, 2021 during which the Bankruptcy Court did not

allow PICAP to become a "joinder creditor" in the case - - Navient nevertheless seeks to

impose **ALL of Navient's claimed legal fees of $608,385.44** (primarily consisting of

legal services allegedly rendered on behalf of Navient during a 17-day period between

the February 8, 2021 commencement date for the involuntary case and the February 25,

2021 dismissal date for the involuntary case) on nonparty PICAP and nonparty PICAP

counsel.

45.      However, legal fees incurred by Navient during the period of time, that precedes

the filing of PICAP's three-page attempted joinder during the late afternoon of February

23, 2021, were unequivocally incurred by Navient for reasons that are not attributable to

PICAP and its counsel.  In other words, PICAP's three page filing in the late afternoon of

February 23, 2021 is not (and cannot be) the "but for" cause of any legal fees incurred by

Navient before that time and, as such, Supreme Court precedent cited above prohibits

Navient from imposing any such legal fees on PICAP and its counsel.

46.      In addition, legal fees incurred by Navient during the period of time, after the

filing of PICAP's three-page attempted joinder during the late afternoon of February 23,

2021 until the counsel oral argument during the morning of February 25, 2021, were

unequivocally incurred by Navient in response to the involuntary case papers

filed by Petitioning Creditors and in connection with Navient's motion to dismiss filed

on February 17, 2021 (about a week before PICAP ever filed a three-page attempted

joinder).  In other words, PICAP's three page filing in the late afternoon of February 23,

2021 is not (and cannot be) the "but for" cause of legal fees incurred by Navient, after

the late afternoon of February 23, 2021 until the counsel oral argument during the

morning of February 25, 2021, because such legal fees were incurred by Navient in

response to the involuntary case papers filed by Petitioning Creditors and in connection

with Navient's motion to dismiss filed on February 17, 2021 (about a week before PICAP

ever filed a three-page attempted joinder) and, as such, Supreme Court precedent cited

above prohibits Navient from imposing any such legal fees during this less than two full

day time-period on PICAP and its counsel.

47.     Navient's motion papers do not address this Supreme Court precedent prohibiting

legal fee shifting liability where the adversary's litigation acts are not the "but for" cause

of the legal services at issue.

48.     The **<u>SIXTH</u>** independent legal reason for denial of Navient's post-dismissal,

legal fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP

counsel - - is based upon a recent decision from the United States Bankruptcy Court for

the Southern District of New York (a) dismissing an involuntary case on abstention

grounds under 11 U.S.C. 305 (in addition to a non-abstention dismissal for "cause") and

(b) indicating that legal fee shifting liability is not allowed under 11 U.S.C. 303(i)(1)

where, as here, an involuntary case is dismissed on abstention grounds under 11 U.S.C.

305 (in addition to a non-abstention ground).  *In re Newbury Operating, LLC*, __ WL __,

Case No. 20-12976-JLG (Mar. 25, 2021) ("fees allowable under section 303(i) are not

available in a case that is dismissed under a section other than section 303 [cits. om.]"

and "in each of the cases that the alleged debtor cited in support of its request for fees, the

court dismissed the involuntary petition pursuant to [solely] section 303 – not any other

[additional] section of the bankruptcy code [cits. om.]").

49.     Navient's motion papers do not address this recent decision from the United

States Bankruptcy Court for the Southern District of New York, or the case law citations

therein from 1980 (over forty years ago) upon which this recent decision relied in

denying legal fee shifting liability where an involuntary case involves a dismissal on

abstention grounds.

50.    The **<u>SEVENTH</u>** independent legal reason for denial of Navient's post-dismissal,

legal fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP

counsel - - is based upon the Court's discretion, under 11 U.S.C. 303(i)(1), to decline to

impose any legal fees involving the "totality of the circumstances" relevant to the very

limited litigation acts by nonparty PICAP and nonparty PICAP Counsel - - **<u>during less</u>**

**<u>than two full days</u>** from the late afternoon of February 23, 2021 to the morning of

February 25, 2021 consisting of **<u>the filing of a 3-page document in the late afternoon</u>**

**<u>on February 23, 2021</u>** attempting to intervene and become a "joinder creditor" in the

case, and then having the temerity to appear at oral argument before the Bankruptcy

Court on the morning of February 25, 2021 during which the Bankruptcy Court did not

allow PICAP to become a "joinder creditor" in the case.  See, generally, *In re TPG Troy,*

*LLC*, 793 F.3d 228, 235 (2d Cir. 2015) (applying a "totality of the circumstances" test in

determining whether to impose legal fees on petitioning creditors in a different context

involving extensive litigation conduct by petitioning creditors in filing and vigorously

prosecuting an involuntary petition).[13]

51.    In order to avoid duplication of argument, the Court is respectfully referred to the

facts and circumstances set forth above as constituting a situation involving nonparties

whereby, by virtue of the "totality of the circumstances" relevant to the very limited

---

[13] Here, however, nonparty PICAP and nonparty PICAP Counsel are not "petitioning creditors" and these
nonparties neitber filed an involuntary petition nor vigorously prosecuted the same.

litigation acts by nonparty PICAP and nonparty PICAP Counsel during less than two full

days from the late afternoon of February 23, 2021 to the morning of February 25, 2021,

the Court should exercise its discretion, under 11 U.S.C. 303(i)(1), to decline to impose

any legal fees on nonparty PICAP and nonparty PICAP Counsel.

52.     Navient's motion papers cite no case-law precedent in the Second Circuit (much

less from anywhere else around the country) imposing legal fee shifting liability on

nonparties under 11 U.S.C. 303(i)(1) - - much less on a nonparty whom the Court did not

allow to intervene and join an involuntary case as an attempted joinder creditor.

53.     The **EIGHTH** independent legal reason for denial of Navient's post-dismissal,

legal fee shifting liability proceeding - - as against nonparty PICAP and nonparty PICAP

counsel - - is based upon these nonparties' constitutionally-protected jury trial right,

under the Seventh Amendment to the United States Constitution, to having a jury decide

any factual issues upon which any potential legal fee shifting liability ruling may depend.

See, e.g. *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313-16 (2d Cir. 1993) (litigant

has a constitutional right to a jury trial involving a legal claim seeking to impose legal fee

liability and, if fact issues upon which legal fee liability depends are resolved in favor of

liability, then at that stage the Court, not the jury, determines the reasonable amount of

legal fees arising from such legal fee liability) (and indicating that the "practical

difficulty" between allocation to a jury of fact issues upon which legal fee liability

depends, and allocation to a court of the reasonable amount of legal fees in the event of a

liability determination, "could be mitigated if not eliminated by bifurcating the issues of

liability for fees and the amount of fees.").

54.     Here, if Navient's post-dismissal, legal fee shifting liability motion is not denied

by the Bankruptcy Court based upon one or more of the legal grounds set forth above
(whether jurisdictional or non-jurisdictional), then all fact issues upon which a potential
legal fee liability determination against nonparty PICAP (and its counsel) may depend
- - including but not limited to (a) whether any litigation acts by nonparty PICAP (and its
counsel during less than two full days are, in fact, a "but for" cause of any legal fees
incurred by Navient and/or (b) the "totality of the circumstances" relevant to facts
involving nonparty PICAP and nonparty PICAP Counsel - - should be decided by a jury
trial to take place in an Article III District Court in accordance with the constitutional
jury trial rights for nonparty PICAP and nonparty PICAP Counsel.  Under such
circumstances, nonparty PICAP and nonparty PICAP Counsel respectfully request
that the Court bifurcate the fee liability and fee amount issues, so as to defer any potential
adjudication of the fee amount issue until after there is an adjudication on whether any
fee liability exists against nonparty PICAP and nonparty PICAP Counsel.[14]

Dated: April 19, 2021

Respectfully submitted,

Law Offices of Michael B. Wolk, P.C.

By: _____/s/ Michael B. Wolk_____
        Michael B. Wolk
155 East 55th Street, Suite 300B
New York, New York 10022
Tel: 917-238-0576
Email: michael.wolk@wolkgroup.com
Counsel for nonparties Public Interest Capital,
LLC, Michael B. Wolk, and Law Offices of
Michael B. Wolk, P.C.

---

[14] Nonparties PICAP and their counsel expressly reserve their rights to submit additional opposition in connection with any potential adjudication of the fee amount issue following a potential jury trial on whether any fee liability exists against nonparty PICAP and their counsel.