**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

Chad J. Husnick, P.C.
To Call Writer Directly:
+1 312 862 2009
chad.husnick@kirkland.com

300 North LaSalle
Chicago, IL 60654
United States

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

April 21, 2021

The Honorable Martin Glenn
U.S. Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

> **Re: In re Navient Solutions, LLC, Case No. 21-10249 (MG); APPLICATION by PICAP Nonparties (a) to strike new arguments in Navient reply brief filed late yesterday [Dkt 64] or, alternatively, to grant leave to the PICAP Nonparties to file a sur-reply, in response to Navient new arguments, by a date to be designated by the Court and, in addition, (b) for Court consideration of the legal reasons herein from the PICAP Nonparties as an authorized sur-reply to Navient new arguments and (c) related relief [Docket No. 66].**

Dear Judge Glenn:

I represent Navient Solutions, LLC ("**Navient**") and write in response to the above-referenced application to strike and/or leave to file a sur-reply (the "**Application**") filed by Michael B. Wolk on behalf of Public Interest Capital, LLC ("**PICAP**") and himself as counsel to PICAP ("**PICAP Counsel**," together with PICAP, the "**Movants**") in response to Navient's *Reply in Support of Navient's Motion for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i)* [Docket No. 64] (the "**Fee Motion Reply**"). The Application should be denied.

*First*, the request to strike should be denied. It is well-settled law that the scope of a reply brief extends to any arguments addressed in a response or objection to the principal brief. *See, e.g.*, *Bayway Refining Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) ("[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (internal quotations omitted); *Travelers Ins. Co. v. Buffalo Reins. Co.*, 735 F. Supp. 492, 495–96 (S.D.N.Y. 1990), *vacated in part on other grounds,* 739 F.Supp. 209 (S.D.N.Y. 1990) (granting motion to strike surreply because "[a]lthough defendants' reply papers addressed issues not raised in its moving papers, each point in the reply brief directly responds to an issue raised in [the other party's] opposition papers"); *In re WorldCom, Inc.*, 02-13533 (AJG), 2007 WL 1989262, at *6 (Bankr. S.D.N.Y. July 9, 2007) ("[R]eply papers may address 'new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who

## KIRKLAND & ELLIS LLP

April 21, 2021
Page 2

took it upon himself to argue those previously unforeseen issues.'"). The arguments addressed in the Fee Motion Reply respond to an objection raised in either the *Objection by Petitioning Creditor to Motion for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i)* [Docket No. 60] ("**Counsel Objection**") or the *Memorandum of Law for Nonparty Public Interest Capital LLC, and Nonparty Counsel for Nonparty Public Interest Capital LLC, In Opposition to the Alleged Debtor's Post-Dismissal Legal Fee Shifting Liability Motion Against Those Nonparties* [Docket No. 63] ("**PICAP Objection**") or both. *See* Counsel Objection ¶¶ 17–28 (raising untimely argument under Federal Rule 54(d)); PICAP Objection ¶¶ 34–39 (same); Counsel Objection ¶¶ 34–35 (raising section 305 jurisdictional argument); PICAP Objection ¶¶ 19–26, 48–49 (same); PICAP Objection ¶¶ 53–54 (requesting a jury trial).

***Second***, Movants' request for leave to file a sur-reply should also be denied. Unlike Navient — who filed its *Motion for Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 303(i)* [Docket No. 54] ("**Fee Motion**") without knowing what, if any, arguments would be made in response — Movants were aware of certain of the responses set forth in the Fee Motion Reply. Navient previously summarized those arguments in a written response to PICAP Counsel's threat to seek sanctions under Bankruptcy Rule 9011 if Navient did not withdraw the Fee Motion with respect to Movants. Thus, at the very least, Movants should have reasonably anticipated those responses as set forth in the Fee Motion Reply and addressed countervailing case law in the PICAP Objection.

For these reasons, Navient requests the Court deny the relief requested in the Application. Please let us know if we can be of any further assistance to the Court.

Respectfully,

/s/ Chad J. Husnick
Chad J. Husnick, P.C.