LAW OFFICES OF MICHAEL B. WOLK, P.C.
155 East 55th Street, Suite 300B
New York, New York 10022
Tel:    917-238-0576
Email:  michael.wolk@wolkgroup.com

April 21, 2021

**BY EFILING**
The Honorable Martin Glenn, U.S.B.J.
United States Bankruptcy Court for the Southern.
 District of New York
One Bowling Green
New York, New York 10004

  Re: In re Navient Solutions, LLC ("Navient"), Case No. 21-10249 (MG)
    PICAP Reply in Response to Navient Opposition to Application [Dkt 66]

Dear Judge Glenn:

I am counsel for the PICAP Nonparties.[1] Navient's opposition [Dkt 68] to the PICAP Nonparties' Application [Dkt 66] should be rejected based upon Second Circuit precedent.  **First,** contrary to Navient's opposition, the Second Circuit typically "decline[s] to consider an argument raised for the first time in a reply brief."  See, e.g., *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 97 n. 12 (2d Cir. 2007).  Indeed, as the fee shifting liability movant, Navient has the burden of proof, in its original motion papers [Dkt 54-55], to demonstrate that its requested relief is both jurisdictionally appropriate, and substantively warranted, under federal law.  Here, Navient failed to do so, and such failure should not be excused merely because the PICAP Nonparties's Opposition Brief [Dkt 63] presented independent legal reasons mandating denial of the legal fee shifting liability motion.  **Second**, in the alternative, if the Court chooses to exercises its discretion so as to consider new liability arguments from Navient, raised for the first time in its reply brief, then the Court should consider and allow a sur-reply from the PICAP Nonparties.  Indeed, even the sole Second Circuit case cited in Navient's opposition expressly indicates that, in a situation where a court considers new matter raised by a movant for the first time in its reply, then the court "should permit the nonmoving party to respond to the new matters prior to disposition of the motion."  *Bayway Refining Co. v. Oxygenated Marketing & Trading, A.G.*, 215 F.3d 219, 227 (2d Cir. 2000).  Thank you for Your Honor's time and consideration.

              Respectfully submitted,
                /s/ Michael B. Wolk
              Michael B. Wolk

---

[1] All terms not defined herein shall have the same meanings given to them in the Application filed by the PICAP Nonparties [Dkt 66].