UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re:                                                                    **FOR PUBLICATION**

                                                                          Chapter 11

                  NAVIENT SOLUTIONS, LLC,
                                                                          Case No. 21-10249 (MG)

                                          Putative Debtor.

----------------------------------------------------------------x

### <u>MEMORANDUM OPINION AND ORDER GRANTING AWARD OF ATTORNEYS' FEES</u>

*A P P E A R A N C E S :*

KIRKLAND & ELLIS LLP
*Attorneys for Navient Solutions, LLC*
601 Lexington Avenue
New York, NY 10022
By:     Stephen Hessler, Esq.
        Chad J. Husnick, Esq.
        Jennifer Levy, Esq.
        AnnElyse Scarlett Gains, Esq.

MCGUIREWOODS LLP
*Attorneys for Navient Solutions, LLC*
800 East Canal Street
Richmond, VA 23219
By:     Thomas M. Farrell, Esq.
        K. Elizabeth Sieg, Esq.
        Joseph Florczak, Esq.
        Shawn R. Fox, Esq.

SMITH LAW GROUP LLP
*Attorneys for the Petitioning Creditors*
99 Wall Street, No. 426
New York, NY 10005
By:     Austin C. Smith, Esq.

LAW OFFICES OF MICHAEL B. WOLK, P.C.
*Attorneys for Public Interest Capital, LLC*
155 East 55th Street, Suite 300B
New York, NY 10022
By:     Michael B. Wolk, Esq.

OFFICE OF THE UNITED STATES TRUSTEE
201 Varick Street, Room 1006
New York, NY 10014
By:    Andrea B. Schwartz, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before this Court is Navient Solutions, LLC's ("Navient") *Motion for Attorneys'*

*Fees and Costs Pursuant to 11 U.S.C. § 303(i).* ("Motion," ECF Doc. # 54.)  In support of the

Motion, Navient filed the declaration of Stephen E. Hessler. ("Hessler Declaration," ECF Doc. #

55.)  The Motion was filed in response to the decision of this Court dismissing the involuntary

chapter 11 bankruptcy petition filed by Sarah Bannister, Brandon Hood, and Labarron Tate

(collectively, the "Petitioning Creditors") and later joined by Public Interest Capital, LLC

("PICAP").[1] (*See* "Order," ECF Doc. # 42, ¶ 6 ("Navient has not waived the right to seek

judgment against the Petitioners, Counsel, Public Interest Capital, LLC ('PICAP'), and counsel

for PICAP pursuant to section 303(i) of the Bankruptcy Code and this Court may, upon

subsequent proceedings initiated by Navient, take under advisement additional proceedings

---

[1]    PICAP and PICAP Counsel (defined below) argue that they should not be held liable for any judgment because they are "non-parties." (PICAP Objection ¶¶ 50–52.)  Despite PICAP's and PICAP Counsel's attempts to frame themselves as "non-parties," a party that joins under section 303(c) of the Bankruptcy Code "may join in the petition *with the same effect* as if such petitioning creditor were a petitioning creditor under subsection (b) of this section."  *See* 11 U.S.C. § 303(c) (emphasis added).  PICAP filed a joinder in the involuntary petition on February 23, 2021.  (ECF Doc. # 35.)  PICAP argues the joinder is invalid because this Court did not approve the joinder.  PICAP does not cite any authority to support this argument.  Although this Court did not issue a ruling whether PICAP had successfully joined the Involuntary Petition, PICAP Counsel participated in oral arguments on February 25, 2021 as a party to the case, and this Court made findings with respect to the sufficiency of the alleged claims asserted in the Joinder.  (*See* "February 25, 2021 Hearing Tr.," ECF Doc. # 52, at 43–64.)  In addition, PICAP Counsel has continued to litigate in the District Court for the Southern District of New York.  There, PICAP Counsel filed a *Motion to Withdraw Reference for a Mandatory Withdrawal of a Proceeding to the District Court Under 28 U.S.C. 157(d) and for a Temporary, Status Quo, Stay Under FRBP 5011(c) and/or FRBP 8007(e) and/or the Inherent Power of an Article III District Court.*  (Case No. 1:21-cv-02897-JGK, ECF Doc. # 4.)  PICAP Counsel also filed an emergency letter motion regarding that motion.  (*Id.*, ECF Doc. # 5.)  On April 16, 2021, the district court entered an order denying both of PICAP Counsel's motions.  (*Id.*, ECF Doc. # 10.)

related to the Involuntary Case pursuant to section 303(i) of the Bankruptcy Code.");  "Opinion,"

ECF Doc. # 45, at 29 n.15.)[2]

The Motion seeks to recover fees and costs in the total amount of $609,385.44 against

Austin C. Smith ("Smith") and Smith Law Group LLP (together with Smith, "Petitioning

Creditors' Counsel"), PICAP, and Michael B. Wolk ("Wolk") and Law Offices of Michael B.

Wolk, P.C. (together with Wolk, "PICAP Counsel") to the fullest extent of the law.  Navient is

not seeking attorneys' fees and costs from the Petitioning Creditors.

Below is a chart summarizing the fees and expenses sought by the Motion:

| Firm | Time Period | Hours | Fees Requested | Expenses Requested | Total |
|------|-------------|-------|----------------|--------------------|-------|
| Kirkland & Ellis LLP ("Kirkland") | 02/10/21-03/19/21 | 510.5 | $524,050.80 | $2,903.54 | $526,954.34 |
| McGuireWoods LLP ("McGuireWoods") | 02/08/2021-02/26/2021 | 123.8 | $81,431.10 | - | $81,431.10 |

The objection deadline was April 15, 2021 at 4:00 p.m.  On April 15, 2021, before the

deadline had passed, Petitioning Creditors' Counsel filed a response in opposition to the Motion.

("Smith Objection," ECF Doc. # 60.)[3]  On April 19, PICAP and PICAP Counsel filed their

opposition to the Motion.  ("PICAP Objection," ECF Doc. # 63, and together with the Smith

Objection, the "Objections.")  On April 19, 2021, Navient filed its reply to the Objections.

("Reply," ECF Doc. # 64.)

On April 20, 2021, PICAP and PICAP Counsel filed a letter in response to the Reply with

the subject as "APPLICATION by PICAP Nonparties (a) to strike new arguments in Navient

---

[2]        The Opinion is published as *In re Navient Sols., LLC*, 625 B.R. 801 (Bankr. S.D.N.Y. 2021).
[3]        Although the Smith Objection states that Petitioning Creditors filed the Smith Objection, to avoid
confusion, the Court refers to Petitioning Creditors' Counsel as making the arguments set forth in the Smith
Objection.

reply brief filed late yesterday [Dkt 64] or, alternatively, to grant leave to the PICAP Nonparties to file a sur-reply, in response to Navient new arguments, by a date to be designated by the Court and, in addition, (b) for Court consideration of the legal reasons herein from the PICAP Nonparties as an authorized sur-reply to Navient new arguments and (c) related relief." ("Application," ECF Doc. # 66.)  On April 21, 2021, Navient filed a reply to the Application. ("Application Reply," ECF Doc. # 68.)  That same day, PICAP filed a reply to the Application Reply.  (ECF Doc. # 69.)

Following dismissal of an involuntary petition, section 303(i)(1) permits the alleged debtor to recover "a reasonable attorney's fee."  Based upon a review of the attorneys' affidavits and time records submitted, and the arguments in support of and opposition to the application, the Court finds and concludes that the amount of fees and expenses Navient seeks to recover for the work of Kirkland & Ellis and McGuireWoods is not reasonable.  As explained in this Opinion, Navient is awarded fees and costs in the substantially reduced amounts set forth below.

## I.    BACKGROUND

On February 8, 2021, the Petitioning Creditors filed an involuntary petition against Navient (ECF Doc. # 1) with an attached supplement (ECF Doc. # 1-1).  On February 10, 2021, the Petitioning Creditors filed an amended involuntary petition.  ("Involuntary Petition," ECF Doc. # 2.)  On February 17, 2021, Navient filed a motion to dismiss the Involuntary Petition. ("Motion to Dismiss," ECF Doc. # 14.)

On February 25, 2021, this Court held a hearing on the Motion to Dismiss (the "MTD Hearing").  Smith did not attend the MTD Hearing.  Wolk attended the MTD Hearing on behalf of PICAP.  The Court orally granted the Motion to Dismiss at the MTD Hearing and

subsequently entered the Order that same day.  The Opinion followed on March 8, 2021.  In

response to the dismissal of the involuntary action, Navient filed the Motion on March 29, 2021.

On April 9, 2021, the Petitioning Creditors' Counsel filed a motion under Federal Rule of

Bankruptcy Procedure 8007 seeking (a) a stay of enforcement of the Bankruptcy Court's

dismissal orders to the extent such dismissal orders adjudicate merits issues pending appeal and

(b) an immediate interim stay pending appeal.  ("Petitioning Creditors' Stay Motion," ECF Doc.

# 57.)  On April 11, 2021, PICAP filed an emergency motion to stay Navient's post-dismissal

legal fee application under 11 U.S.C. § 303(i)(1).  ("PICAP's Stay Motion," ECF Doc. # 58.)  On

April 13, 2021, this Court entered an order denying the Petitioning Creditors' Stay Motion and

PICAP's Stay Motion.  (ECF Doc. # 59.)

On April 22, 2021, this Court held a hearing on the Motion (the "Fee Hearing").  After

hearing arguments from the parties, the Court took the matter under submission.

## II.    PARTIES' CONTENTIONS

### A.    Smith Objection

In the Smith Objection, Petitioning Creditors' Counsel argues that the Motion should be

denied because (I) the Motion is time-barred under Rule 54(d)(2)(B)(i); (II) Navient is not

entitled to an award of its attorneys' fees and costs based on the totality of the circumstances

where the involuntary petition and joinder did not lack merit under sections 303 and 305,

Petitioning Creditors' Counsel acted reasonably, and Smith did not intend to harm Navient's

reputation; (III) Navient is not entitled to an award of its attorneys' fees and costs incurred in

connection with this involuntary case because it was dismissed due to abstention; and (IV) the

attorney fee award requested is unreasonable.  In support of this last argument, Petitioning

Creditors' Counsel contends that (1) the assignments were overstaffed between and within the

two firms, where Kirkland had five partners bill 200 hours; (2) the descriptions of services rendered were insufficiently detailed; (3) there was duplication of services between and within the two law firms; (4) some services were provided by individuals with unnecessarily high hourly rates; (5) there were excessive hours spent on some services, including numerous conferences and calls among the Kirkland team; (6) some services were ministerial; (7) some requested costs are actually overhead expenses; and (8) the documentation of services rendered does not appear to be in the form of contemporaneous time records.

B.    **PICAP Objection**

In summary, the PICAP Objection claims that Navient's Motion should be denied for the following reasons: (1) this Court lacks jurisdiction because Article III of the United States Constitution divested the Bankruptcy Court of the power to adjudicate any non-jurisdictional issues on the merits; (2) Federal Rules of Bankruptcy Procedure 1018 and 1003, as well as Supreme Court precedent, preclude Navient from even asserting, in its post-dismissal proceeding, that PICAP purportedly became, or was allowed by this Court to intervene and become, a "joinder creditor" in the case; (3) the Motion is time barred under Rule 54(d)(2)(B)(i); (4) the American Rule applies here and imposes a presumption against legal fee shifting liability; (5) PICAP's three-page filing on February 23, 2021 is not the "but for" cause of all the legal fees incurred by Navient, because such legal fees were incurred by Navient in response to the involuntary case papers filed by Petitioning Creditors and in connection with Navient's motion to dismiss filed on February 17, 2021; (6) fee shifting liability is not allowed where an involuntary case is dismissed on abstention grounds under 11 U.S.C. § 305; (7) under 11 U.S.C. § 303(i)(1), this Court should decline to impose any legal fees involving the "totality of the

circumstances" relevant to the very limited litigation acts by PICAP and PICAP Counsel; and (8)

PICAP and PICAP Counsel have a right to a jury trial.

### C.   Navient's Reply

In the Reply, Navient argues (I) the fee motion is not time-barred; (II) Navient is entitled

to fees and costs based on the totality of the circumstances; (III) this Court's alternative section

305 finding does not negate this Court's section 303 findings; (IV) the fees sought in the Motion

are reasonable; and (V) the PICAP Objection should be stricken as untimely and also fails on the

merits.  In support of the last argument, Navient contends (1) section 303(i) requests are an

exception to the "American Rule"; (2) PICAP and PICAP Counsel may be held liable on the

same grounds as the Petitioning Creditors; and (3) PICAP and PICAP Counsel are not entitled to

a jury trial because attorneys' fees are awarded as an equitable remedy collateral to and separate

from the decision on the merits.

### D.   PICAP's Application

The Application states that Navient has raised new arguments that were not set forth in

Navient's original papers and asks that this Court (a) strike the new arguments in the Reply that

were not set forth in the Motion or Hessler Declaration or, alternatively, grant leave to PICAP

and PICAP Counsel to file a sur-reply brief in response to Navient's new arguments by a date to

be designated by this Court, and (b) consider the initial legal reasons in the Application as an

authorized sur-reply to the new arguments in the Reply that were not contained in Navient's

original motion papers.

In summary, PICAP and PICAP Counsel argue that there has been "sandbagging" on the

part of Navient.  However, Navient's arguments in the Reply are all clearly responsive to the

arguments in the Objections and do not constitute the sort of sandbagging that requires relief

from this Court.  Accordingly, this Court **DENIES** the Application.

### III.    <u>LEGAL STANDARD</u>

Bankruptcy Code section 303(i) reads as follows:

> (i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court ***may*** grant judgment –
>
>> (1) against the petitioners and in favor of the debtor for –
>>> (A) costs; or
>>> (B) a ***reasonable*** attorney's fee; or
>> (2) against any petitioner that filed the petition in bad faith, for–
>>> (A) any damages proximately caused by such filing; or
>>> (B) punitive damages.

11 U.S.C. § 303(i) (emphasis added).  It is within the discretion of this Court to grant an award

pursuant to section 303(i).  *In re Anmuth Holdings LLC*, 600 B.R. 168, 184 (Bankr. E.D.N.Y.

2019) ("It is settled law that an award under § 303(i) is within the discretion of the Bankruptcy

Court.").

In this Circuit, "[t]here is a presumption that costs and attorneys' fees will be awarded to

a putative debtor where an involuntary petition is dismissed.  The petitioner bears the burden of

proof on justifying a denial of costs and fees."  *See In re TPG Troy, LLC*, 492 B.R. 150, 162

(Bankr. S.D.N.Y. 2013) (citing *In re Mountain Dairies*, 372 B.R. 623, 637 (Bankr. S.D.N.Y.

2007)); *see also In re Skyworks Ventures, Inc.*, 431 B.R. 573, 576 (Bankr. D.N.J. 2010)

(awarding attorneys' fees and costs is the "majority rule"); *In re Silverman*, 230 B.R. 46, 50

(Bankr. D.N.J. 1998) (fees and costs are "typically . . . awarded upon dismissal" of an

involuntary petition); *In re K.P. Enter.*, 135 B.R. 174, 177 (Bankr. D. Me. 1992) (fairness

dictates that attorney's fees and costs generally should be awarded upon an involuntary case's

dismissal).  While the presence of bad faith is germane to the analysis, "[u]nder the terms of the

statute, bad faith is not a prerequisite to an award of costs and attorney's fees under § 303(i)(1)."

*Lubow Mach. Co. v. Bayshore Wire Prods. Corp. (In re Bayshore Wire Prods. Corp.)*, 209 F.3d

100, 105 (2d Cir. 2000).  Because section 303(i)(1) is a "fee-shifting provision," attorneys' fees

and costs incurred in preparing and litigating the section 303(i) motion itself may be included in

the award.  *See Orange Blossom Ltd. P'ship v. S. Cal. Sunbelt Developers, Inc. (In re S. Cal.*

*Sunbelt Developers, Inc.)*, 608 F.3d 456, 461–62 (9th Cir. 2010).

> In deciding whether to award fees and costs:

> > Most of the courts . . . have adopted a "totality of the circumstances"
> > test, in which certain factors are to be considered.  These include (1)
> > the merits of the involuntary petition; (2) the role of any improper
> > conduct on the part of the alleged debtor; (3) the reasonableness of
> > the actions taken by the petitioning creditors; and (4) the motivation
> > and objectives behind the filing of the petition.

*In re Taub*, 438 B.R. 761, 775 (Bankr. E.D.N.Y. 2010) (quoting 2 COLLIER ON BANKRUPTCY ¶

303.11 (Alan N. Resnick & Henry J. Sommer eds. 16th ed.)).  Section 303(i) and the case law

interpreting it do not set forth standards for determining whether and to what extent attorneys'

fees are warranted.  *In re Fox Island Square P'ship*, 106 B.R. 962, 970 (Bankr. N.D. Ill. 1989).

At a minimum, the time records submitted should clearly identify the nature of the work

performed, its reasonable necessity and relevance to defense of the involuntary petition, and the

time expended.  *Id.* (citing *In re Wavelength*, 61 B.R. 614, 621 (B.A.P. 9th Cir. 1986)); *York Int'l*

*Bldg., Inc. v. Chaney*, 527 F.2d 1061, 1068 (9th Cir. 1975).

## IV.    DISCUSSION

### A.    The Motion Is Not Time-Barred

The Objections argue that because the Motion was filed over 14 days from the entry of the Order, the Motion is time-barred under Rule 54(d) of the Federal Rules of Civil Procedure, made applicable in bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7054. Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED R. CIV. P. 54(d)(1); *See Klein v. Cap. Fin., Inc. (In re Cap. Fin., Inc.)*, No. RS 02–19544–MG, 2007 WL 7535047, at *5 (B.A.P. 9th Cir. Nov. 14, 2007) ("*Capital Finance*"). Rule 54(d)(2)(B)(i) requires a legal fee motion to be filed within 14 days after the entry of judgment. FED. R. CIV. P. 54(d)(2)(B)(i). Rule 54(a) provides that a "judgment" means "a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a).

However, Rule 54(d) does not apply to attorneys' fees awarded under section 303(i). "The key distinction is that § 303(i) is substantive law providing an independent claim to an alleged debtor whenever an involuntary petition is dismissed without the alleged debtor having waived that claim." *Capital Finance*, 2007 WL 7535047, at *5. Section 303(i) is "intended to be the exclusive remedy for regulating abuse of the involuntary bankruptcy process." *Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.)*, 370 B.R. 236, 245 (B.A.P. 9th Cir. 2007) (citing *Miles v. Okun (In re Miles)*, 430 F.3d 1083, 1089–91 (9th Cir. 2005)).

Prior to the incorporation of Rule 54 into the Bankruptcy Rules, courts determined that Rule 54 should not apply to a section 303(i) request. *See, e.g.*, *DVI Receivables XIV, LLC v. Rosenberg (In re Rosenberg)*, 500 B.R. 174, 180–81 (S.D. Fla. 2013), *aff'd in part, vacated in part and remanded*, 779 F.3d 1254 (11th Cir. 2015) ("[Putative debtor] filed his Fee Motion

[under section 303(i)] more than twenty-one days after the issuance of the Dismissal Order [in violation of local bankruptcy rule 7054-1(F)], but Judge Cristol did not find the Motion untimely because the Dismissal Order expressly reserved jurisdiction on the issue of fees and costs without imposing any time limitation."); *In re Imani Fe, LP*, 2012 WL 5418983, at *6 (B.A.P. 9th Cir. Nov. 7, 2012) ("[N]either [Civil Rule 54(d) and LBR 7054–1] regarding prevailing parties apply to motions for fees under § 303(i). Section 303(i) provides the alleged debtor an independent cause of action for attorneys' fees when it successfully defends against an involuntary petition."); *Capital Finance*, 2007 WL 7535047, at *7 ("[A]ttorney's fees and costs are under the umbrella of § 303(i), which encompasses all the potential remedies that may be available to an alleged debtor who defeats an involuntary petition. As such, attorney's fee and cost claims are not the type of claims required to be asserted within the time frame of L.B.R. 7054–1(f)."). One post-incorporation of Rule 54 case cited by Navient also finds that Rule 54 does not apply. *See Nat'l Med. Imaging, LLC v. U.S. Bank, N.A. (In re Nat'l Med. Imaging, LLC)*, 570 B.R. 147, 157 (Bankr. E.D. Pa. 2017) ("*Nat'l Med. Imaging*") ("[S]ection 303(i) claims are not subject to a statute of limitations (whether contained in the Bankruptcy Code or borrowed from state law), but must be brought within a reasonable amount of time that does not prejudice Defendants.").

Additionally, none of the cases cited in the Objections concern the applicability of Rule 54(d) to a section 303(i) request or find that Rule 54(d) applies to a section 303(i) request. Here, the Motion needs only to be filed "within a reasonable amount of time that does not prejudice" Petitioning Creditors' Counsel, PICAP, and PICAP Counsel. *Id.* The Motion was filed on March 29, 2021, which is thirty-two days after entry of the Order, twenty-one days after issuance of the Opinion, seventeen days after the entry of the Order Denying Motion for Reconsideration,

and three days after the deadline to appeal had expired.  Petitioning Creditors' Counsel, PICAP, and PICAP Counsel have not shown that there was any prejudice to them.

Even if Rule 54 applies, the request is still timely.  Rule 54 provides an exception to its 14-day limit if "a statute or a court order provides otherwise."  FED. R. CIV. P. 54(d)(2)(B).  In the Order, I reserved ruling on Navient's section 303(i) request subject to further briefing.  (*See* Order ¶¶ 5–6; Opinion, at 29 n.15.)  Moreover, although the Ninth Circuit BAP in *Capital Finance* determined that Rule 54 and a similar local rule did not apply to a section 303(i) request, it found that even if such rules did apply, the bankruptcy court's explicit reservation of jurisdiction under section 303(i) in the dismissal order was an implicit extension of time.  *See Capital Finance*, 2007 WL 7535047, at *7 ("The Panel concludes that this discussion, together with the court's express reservation of jurisdiction, in the dismissal order, 'to award attorney's fees, costs, actual damages and punitive damages on any motion brought by Capital Finance, Inc.' was an implicit extension of time, for purposes of L.B.R. 7054–1(f).").

Accordingly, this Court **CONCLUDES** that the Motion is not time-barred.

### B.    The Bankruptcy Court Has Authority to Award Fees and Costs Under Section 303(i)(1)

PICAP argues that the bankruptcy court lacks "jurisdiction" to award fees and costs because only an Article III judge may do so.  The argument is wrong for several reasons.

The "jurisdiction" of the bankruptcy court is clear.  The issue of "authority" of a bankruptcy judge is more complicated, but a bankruptcy judge has authority to award fees and costs under section 303(i)(1).

Bankruptcy courts have jurisdiction under 28 U.S.C. §§ 1334(a) and 157(a), and the district court's general order of reference.  The issues of jurisdiction and authority of the bankruptcy courts were addressed by the Supreme Court in *Stern v. Marshall*, 564 U.S. 462

(2011). Importantly, *Stern* did not alter the subject matter jurisdiction of the bankruptcy courts. As the Supreme Court stated, "[s]ection 157 allocates the *authority* to enter final judgment between the bankruptcy court and the district court. That allocation does not implicate questions of subject matter jurisdiction." *Id.* at 480 (emphasis added) (citations omitted).

The bankruptcy court has the authority to enter final orders or judgment in matters that are "core," generally where they "arise under" the Bankruptcy Code, or "arise in" bankruptcy cases. While certain statutorily core claims that were tried in courts at law at the time of the adoption of the Constitution require an Article III judge to enter final orders or judgments, absent consent, fee shifting statutes such as section 303(i)(1) that permit a bankruptcy court to award fees and costs in cases pending before them do not fall into that category. Navient did not seek an award of damages or punitive damages under section 303(i)(2) so the Court has no reason to address whether, absent consent, the bankruptcy court could award such relief.[4]

### C.   Navient Is Entitled to Some Fees and Costs Based on the Totality of the Circumstances

Petitioning Creditors' Counsel argues that based on the totality of the circumstances, Navient is not entitled to an award of attorneys' fees and costs because the Involuntary Petition was not deficient, Petitioning Creditors' Counsel acted reasonably in filing the Involuntary Petition, and counsel did not file the Involuntary Petition to harm Navient's reputation. (*See* Smith Objection ¶¶ 31–33.) Petitioning Creditors' Counsel should have raised those arguments as an objection to the Motion to Dismiss. The findings in this Court's Order and Opinion control

---

[4]    *See In re Rosenberg*, 779 F.3d at 1260 ("On August 10, 2012, U.S. District Judge Patricia Seitz granted the motion to withdraw reference only as to Rosenberg's bad-faith claims for damages under § 303(i)(2). Judge Seitz found that because claims for damages under § 303(i)(2), unlike claims for fees and costs under § 303(i)(1), require a finding of the petitioner's 'bad faith,' they were analogous to common-law claims for malicious prosecution and thus triable by a jury. Accordingly, Rosenberg's § 303(i)(2) claims were withdrawn for the purpose of a jury trial, but Rosenberg's claims for attorney's fees and costs remained referred to the bankruptcy court.").

here.  In the Opinion, the Court found that the Petitioning Creditors failed to meet their prima

facie burden that their claims were not subject to bona fide dispute and that "the involuntary

petition should be dismissed on that basis alone."  (Opinion at 11.)  The Court concluded that

"the petition and the joinder are profoundly lacking . . . due to the lack of any documentation

supporting any of the claims, as well as the failure of counsel to the petitioning creditors to file

any response to the motion to dismiss, or even to attend the hearing on the motion."  (*Id.* at 3.)

The Court further found that the Involuntary Petition was filed in bad faith.[5]

While Navient is entitled to some fees based on the circumstances, Navient must also

show that such fees are reasonable, as analyzed in section E below.

### D.    The Alternative Section 305 Finding Does Not Negate a Fee Award Under Section 303(i)(1)

Contrary to the statements made in the Objections, the Court found that dismissal was

warranted under both section 303 and section 305 of the Bankruptcy Code.  (*See* Order ¶ 2;

Opinion, at 14–15, 25, 29.)  The Second Circuit has already found that where a court finds

grounds to dismiss an involuntary petition under both sections 303 and 305, it does not waive

jurisdiction to review a request under section 303(i).  *See In re TPG Troy, LLC*, 793 F.3d 228 (2d

Cir. 2015) ("*TPG Troy Appeal*").  In *TPG Troy*, this Court dismissed an involuntary petition

under sections 303 and 305.  *See In re TPG Troy, LLC*, 492 B.R. 150 (Bankr. S.D.N.Y. 2013).

After dismissal, the Court approved a fee request under section 303(i)(1).  *See In re TPG Troy,*

*LLC*, 2013 WL 3789344 (Bankr. S.D.N.Y. July 18, 2013).  On appeal, the Second Circuit

affirmed in full.  *TPG Troy Appeal*, 793 F.3d at 231.

Before the Second Circuit decided the appeal, the appellants moved to dismiss their own

appeal for lack of jurisdiction.  *Id.*  The appellants argued that, because the Second Circuit could

---

[5]      The bad faith finding is unnecessary for an award of attorney's fees and costs under section 303(i)(1).

not review the district court's decision affirming the bankruptcy court's decision to abstain, any review of dismissal under section 303(b) was moot.[6]  *Id.* at 231–32.  The appellants reasoned that because the section 303(i) award was the result of a now-moot dismissal under section 303(b), such award should also be vacated and dismissed.  *See id.* at 323; *In re TPG Troy, LLC*, No. 14-1010 (2d Cir. July 24, 2014) (ECF Doc. # 55.)  The Second Circuit held that section 305 abstention did not strip the Second Circuit of jurisdiction to review the section 303(i)(1) award of attorneys' fees and costs.  *TPG Troy Appeal*, 793 F.3d at 232.

Applying the same reasoning here, this Court's alternative decision in the Order and Opinion to abstain under section 305 does not strip this Court of jurisdiction to decide the Motion to award fees under section 303(i)(1).  Moreover, as stated above, the Court explicitly reserved jurisdiction to rule on Navient's post-dismissal section 303(i)(1) attorneys' fee requests. (*See* Order ¶¶ 5–6.)

The Petitioning Creditors' argument that this Court has no jurisdiction to award fees after the involuntary petition was dismissed is without merit.  The Bankruptcy Code explicitly gives bankruptcy courts the power to sanction petitioning creditors after an involuntary case is dismissed.  *See* 11 U.S.C. § 303(i) ("If the court dismisses a petition . . . the court may grant judgment [awarding costs and a reasonable attorneys' fee]."); *In re Palmer*, No. 50 8-16-71186-reg, slip op. at 1 (Bankr. E.D.N.Y. June 22, 2017), https://www.nyeb.uscourts.gov/sites/nyeb/files/opinions/Opinion_reg-2017-06-22.pdf ("Because this is an involuntary petition, dismissal does not end the process."); *Nat'l Med. Imaging*, 570 B.R. at 156 ("[B]ankruptcy courts clearly retain jurisdiction to consider awarding a putative debtor section 303(i) damages after the court dismisses the involuntary petition.").

---

[6]     Section 305(c) provides, in relevant part, that a decision to abstain under section 305(a) "is not reviewable by appeal or otherwise by the court of appeals."  11 U.S.C. § 305(c).

15

Accordingly, the Court **CONCLUDES** that its section 305 finding does not negate its section 303(i) finding and therefore there is jurisdiction.

### E.    The Majority of the Fees Requested Are Not Reasonable

Petitioning Creditors' Counsel objected to the reasonableness of the requested fee award. Navient has failed to establish that its fee request is reasonable. As explained below, the Court finds that the majority of the fees requested are unreasonable.

<u>First</u>, the Court finds that that the motion to dismiss the involuntary petition was overstaffed with too many lawyers and paralegals from two law firms. For example, Kirkland staffed this matter with five partners, four associates and one paralegal. Kirkland's bill shows that the five partners billed nearly 200 hours over a month.

<u>Second</u>, the Court finds that there was duplication of services between Kirkland and McGuireWoods. Six lawyers on Kirkland's team (including four partners), and all three lawyers on McGuireWoods' team (including one partner and one counsel) attended the MTD Hearing.

<u>Third</u>, the descriptions of services for which Navient seeks to recover are insufficiently detailed. The Summary of Attorneys' Fee and Costs of Kirkland & Ellis LLP for Legal Services Rendered Through March 24, 2021 omits the Kirkland lawyers' and paralegals' titles. (Hessler Declaration, Ex. A.) The Motion also does not provide any summary for the categories of fees. Critically, there are numerous instances of impermissible block billing, and excessive hours spent on some services, including phone conferences. Kirkland block-billed 446 hours, totaling $441,235.00—approximately 84% of the total fees requested. At the Fee Hearing, Chad J. Husnick, the Kirkland partner who argued for Navient, conceded:

> We prepared our invoices as we do for non-debtor clients. Admittedly, there's more detail baked in when we're a retained advisor. Not an excuse, just the fact that – the way that we did it.

> So I would so stipulate that in a normal fee application, there would
> be broken down on an every six minute basis.

("Fee Hearing Tr.," ECF Doc. # 73, at 30:14–20.)  The Court finds and concludes that while it

was appropriate for Navient's counsel to expeditiously and vigorously seek dismissal of the

Involuntary Petition, Navient is only entitled under the statute to "a reasonable attorney's fee."

11 U.S.C. § 303 (i)(1)(B).  Navient failed to establish the reasonableness of the fees sought.

This Court has discretion to either reduce the fees or deny the fees in their entirety.  A

court may use a percentage deduction "as a practical means of trimming fat from a fee

application."  *Reiter v. Metro. Transp. Auth. of N.Y.*, No. 01 Civ. 2762 (GWG), 2007 WL

2775144, at *13 (S.D.N.Y. Sept. 25, 2007) (quoting *N.Y. State Ass'n for Retarded Children, Inc.

v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983)).  A reduction may be applied for "vagueness,

inconsistencies, and other deficiencies in the [bills]."  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173

(2d Cir. 1998) (applying a 20% reduction).

After careful consideration of the time records, the Court **GRANTS** an award of

$40,797.90 for Kirkland's attorneys' fees and $16,401.15 for McGuireWoods' attorneys' fees.

The substantial reduction in fees is based on the various problems described above.  No fees

were awarded for numerous vague entries, and this Court has applied a further 50% reduction for

overstaffing.  The allocation of liability for fees between Smith and PICAP is discussed in

section G below.

### F.    Navient is Awarded Costs for Filing Fees and Court Reporter Fee/Deposition

Under section 303(i)(1)(A), Navient may also be awarded "costs."  Unlike attorneys'

fees, the word "reasonable" does not preface the word "costs."  11 U.S.C. § 303(i).  Still, it is

within the bankruptcy court's discretion to award costs and therefore reasonableness of costs

may be considered.  *See In re Cadillac by DeLorean & DeLorean Cadillac, Inc.*, 265 B.R. 574,

583 (Bankr. N.D. Ohio 2001) (awarding costs under section 303(1) where the costs were shown to be necessary and reasonable).

Below is a description of expenses sought by Navient:

| Description | Amount |
|---|---|
| Court Reporter Fee/Deposition | $526.35 |
| Filing Fees | $870.00 |
| Outside Copy/Binding Services | $306.83 |
| Outside Printing Services | $1,200.36 |

**TOTAL EXPENSES $ 2,903.54**

(Hessler Declaration at 22.)

Kirkland did not demonstrate whether the costs paid for the outside copy, binding, and printing services are reasonable and necessary. Thus, the Court only awards costs for the Filing Fees and the Court Reporter Fee/Deposition in the total amount of $1,396.35.

### G.    Allocation of Liability for the Section 303(i) Award

The Court has discretion to allocate liability for a section 303(i)(1) award among the Petitioning Creditors. *Anmuth*, 600 B.R. at 205 (citing *In re Forever Green Athletic Fields, Inc.*, No. BR 12-13888-MDC, 2017 WL 1753104, at *9 (Bankr. E.D. Pa. May 3, 2017); *Pyke v. Funnel Sci. Internet Mktg., LLC (In re Funnel Sci. Internet Mktg., LLC)*, 551 B.R. 262, 276 (E.D. Tex. 2016). In allocating liability, the Court once again considers the totality of the circumstances. *Nat'l Med. Imaging*, 570 B.R. at 168. The Court may hold the petitioning creditors jointly and severally liable, or may assess damages to each petitioning creditor in relation to their conduct. *Sofris v. Maple-Whirworth, Inc. (In re Maple-Whitworth, Inc.)*, 556 F.3d 742, 746 (9th Cir. 2009).

In determining liability under section 303(i), bankruptcy courts may look beyond the names signed on an involuntary petition to determine who is the "actual petitioner." *Rosenberg*,

18

779 F.3d at 1261.  In *Rosenberg*, the court of appeals found Lyon Financial Services, a creditor

that had failed to sign the involuntary petition, liable for attorneys' fees and costs as a "de facto

petitioner" where it had approved the involuntary petition, its officer signed the petition with

Lyon Financial Services' address and fictitious business name under her signature, and it listed

other parties as the petitioning creditors without their authorization.  *Id.* at 1268.  Accordingly,

the court of appeals did not have to view the case as presenting the issue of "third-party or

agency liability."  *Id.*

        The evidence and Smith's admission (described below) supports a finding that Smith is

liable as the de facto petitioning creditor.  In a letter dated February 18, 2021 requesting

permission to file a summary judgment motion and an amended letter dated February 19, 2021,

again requesting permission to file a summary judgment motion (collectively, the "Letters"),

Smith stated "Smith and Smith alone will bear any and all liability resulting from an adverse

finding of this Court absent a *sua sponte* determination of liability on any single Creditor."  (ECF

Doc. ## 17, 22.)  At the Fee Hearing, the Court inquired into whether Smith had acknowledged

in the Letters that any award of fees and costs under section 303(i)(1) was Smith's responsibility.

(Fee Hearing Tr. at 35:12–37:3.)  Smith admitted that the Letters constituted his

acknowledgment that he was personally liable for any fees and expenses awarded to Navient

under section 303(i)(1).  (*Id.* at 37:3.)  Under these circumstances, this Court **FINDS** that Smith

is the de facto petitioner and liable for fees and costs under section 303(i)(1).

        PICAP's counsel, Wolk, on the other hand, did not make a similar concession, and indeed

he denied that he was personally responsible for any fees and costs assessed against PICAP.  It is

unclear what PICAP is and what, if any, connection Wolk has to PICAP other than acting as

PICAP's attorney in this case.[7]  Whether Wolk would satisfy any test for "third-party or agency liability," if PICAP fails to pay its share of attorneys' fees and costs cannot be determined on the present record.  *See Rosenberg*, 779 F.3d at 1261.

In its discretion, this Court **CONCLUDES** the fees and costs should be allocated as follows: (1) Smith is liable for fees incurred before PICAP's joinder; (2) Smith is liable for the Filing Fees and the Court Reporter Fee/Deposition; (3) PICAP is liable for two-thirds of the fees incurred at the MTD Hearing and Smith is liable for the remaining one-third of the fees; and (4) Smith and PICAP are each fifty percent liable for the fees incurred post-hearing.

---

[7]     Wolk also argued that fees cannot be awarded against him or PICAP because PICAP was not permitted under the Bankruptcy Rules to file a joinder in the involuntary petition, a very strange argument indeed coming from the lawyer who signed the joinder as counsel.  The following colloquy took place between the Court and Wolk at the Fee Hearing:

> MR. WOLK: I filed something that I called a joinder.  At the oral argument, Navient opposed my attempt to become involved in this case on three different grounds, one of which they said was because under Rule 1003(a), they said that I wasn't even eligible to file a joinder.  I had no authority to file a joinder.  I was disqualified from even attempting to file that joinder.  And so I would just want to point out, it's not a matter of that someone filing a joinder can do whatever they please.  I think in this specific factual situation here, we have a situation where my client did, in fact, purchase the claim from Ms. McDaniel after the filing of this involuntary case by Mr. Smith on behalf of his clients and one of the arguments that Navient made at the hearing was, hey, if you did that for -- and any purpose of that is so that you could possibly now try to join this case, they said at the oral argument on the 25th in the transcript, you can't do that.  Rule 1003(a) disqualifies you from even attempting to do that.  So I'm only just trying to point out that I'm not making an argument that anybody who files a document captioned joinder in the abstract -- I think the issue is, again, the totality of the circumstances if you will, regarding the filing of the document, the response by the alleged Debtor, what transpired before the Court.  That's just on the threshold issue of, if there's authority to shift fees to the person that files the joinder, much less counsel.
> THE COURT: Did your client purchase the claim in order to file a joinder in the involuntary?
> MR. WOLK: It was one of the purposes. It wasn't the sole purpose, but it certainly was a purpose.

Fee Hearing Tr. at 47:11–48:17.

Rule 1003(a) provides, in pertinent part, that "[a]n entity that has transferred or acquired a claim for the purpose of commencing a case . . . under chapter 11 shall not be a qualified petitioner."  FED. R. BANKR. P. 1003(a).

## V.    <u>**CONCLUSION**</u>

For the reasons stated above, Navient is awarded $26,148.50 for Kirkland's attorneys'

fees from Smith and $14,649.40 from PICAP.  Navient is awarded $1,396.35 for Kirkland's

costs from Smith.  Navient is awarded $16,401.15 for McGuireWoods' attorneys' fees from

Smith.  Nothing in this Opinion addresses, resolves, or precludes any requests from Navient for

any fees and costs, from this Court or the district court, in connection with any appeals.

**IT IS SO ORDERED.**

Dated:    May 11, 2021
          New York, New York

                                    _Martin Glenn_
                              MARTIN GLENN
                        United States Bankruptcy Judge