**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
In re:                                                                                          Chapter 11

                                                                                Case No. 21-10249 (MG)

        NAVIENT SOLUTIONS, LLC,

                            Putative Debtor.
-------------------------------------------------------X

## ORDER DENYING MOTION FOR RECONSIDERATION

Public Interest Capital, LLC ("PICAP"), through counsel, filed a motion for the Court to reconsider its findings in connection with the Court's award of attorneys' fees and costs in this case pursuant to 11 U.S.C § 303(i). ("Motion," ECF Doc. # 77.) On June 8, 2021, Navient Solutions, LLC ("Navient") filed an objection to the Motion. ("Objection," ECF Doc. # 80.) On June 15, 2021, PICAP filed a reply to the Objection. ("Reply," ECF Doc. # 82.)

In summary, PICAP argues (1) PICAP was not the "but for" cause of Navient's fees and expenses ("Memorandum," ECF Doc. # 77-1 ¶ 5); (2) the Motion for Attorneys' Fees and Costs Pursuant to 11 U.S.C. Section 303(i) (ECF Doc. # 54) is time-barred (*id.* ¶¶ 12–23); and (3) the Court's alternative abstention ruling under 11 U.S.C. § 305 in the Court's Memorandum Opinion Granting Alleged Debtors Motion to Dismiss Involuntary Petition (ECF Doc. # 45) prevents the Court from imposing costs under section 303(i) (Memorandum ¶¶ 24–32). These three arguments are the exact same arguments the parties fully briefed and the Court rejected in its Memorandum Opinion and Order Granting Award of Attorneys' Fees. (*See* "Opinion," ECF Doc. # 74.) Additionally, PICAP argues that the Court inappropriately allocated the fees and expenses between PICAP and Petitioners' Counsel. However, the allocation of fees and expenses is within the Court's discretion. *In re Anmuth Holdings*, 600 B.R. 168, 205 (Bankr.

E.D.N.Y. 2019) (noting that it is within a court's discretion to determine the allocation of liabilities under section 303(i)(1)). The Court concludes that PICAP has not established grounds for reconsideration of the Opinion. The Motion is therefore **DENIED**.

Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion must be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

S.D.N.Y. LBR 9023-1(a).[1] Bankruptcy Rule 9006, which governs the computation of the 14-day time period, provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANK. P. 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)). PICAP's Motion was filed fourteen days after the Opinion was issued, and it is therefore timely under Bankruptcy Rule

---

[1]  Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* S.D.N.Y. LBR 9023-1 cmt.

9023 and Local Bankruptcy Rule 9023-1(a).  However, relief under Bankruptcy Rule 9023 is not warranted because PICAP has not identified any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted).

In order to establish grounds for reconsideration, a "movant must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005); *see also Adams v. United States*, 686 F. Supp. 417, 418 (S.D.N.Y. 1988) ("The only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked matters or controlling decisions which, had they been considered, might reasonably have altered the result reached by the court.").  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking 'a second bite of the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (discussing reconsideration under FRCP 59).  Parties cannot use a motion for reconsideration to advance new facts or arguments and may not submit affidavits or new material. *Asia Global Crossing*, 332 B.R. at 524; *accord Pereira v. Aetna Cas. & Sur. Co. (In re Payroll Express Corp.)*, 216 B.R. 713, 716 (S.D.N.Y. 1997).  "The standard for granting motions to reargue is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the court." *Adams*, 686 F. Supp. at 418 (citations omitted); *see also Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 61 (Bankr. S.D.N.Y. 2003).

The Motion fails to identify any controlling decisions or factual matters that the Court has

3

not already considered or that would have influenced its earlier decision.  The Motion additionally fails to show clear error or manifest injustice.

For the reasons explained above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   June 29, 2021
        New York, New York

                                                      **/s/Martin Glenn**
                                                        MARTIN GLENN
                                          United States Bankruptcy Judge